| | |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) MDL No. 2:14-mn-02502-RMG<br><br>**CASE MANAGEMENT ORDER NO. 3**<br><br>**This Order relates to All Actions.** |

## Organization of Plaintiffs' Counsel

1. Plaintiffs' counsel have met and discussed their organizational structure and functions. At the initial case management conference held on March 27, 2014, Plaintiffs' counsel agreed to the following structure without objection. The Court has reviewed the application materials of counsel seeking to serve in leadership positions and makes the following appointments.

2. The Court appoints as Plaintiffs' Lead Counsel:

   H. Blair Hahn
   Richardson, Patrick, Westbrook & Brickman, LLC
   Mt. Pleasant, SC

3. The Court appoints as Plaintiffs' Liaison Counsel:

   Mark C. Tanenbaum
   Mark C. Tanenbaum, P.A.
   Charleston, SC

4. The Court appoints the following attorneys to the Plaintiffs' Executive Committee (PEC):

   H. Blair Hahn
   Richardson, Patrick, Westbrook & Brickman, LLC
   Mt. Pleasant, SC

Jayne Conroy
Hanly, Conroy, Bierstein, Sheridan, Fisher & Hayes, LLP
New York, NY

Ramon R. Lopez
Lopez McHugh, LLP
Philadelphia, PA/Newport Beach, CA/Moorestown, NJ

David F. Miceli
Simmons, Browder, Gianaris, Angelides & Barnerd, LLC
Alton, IL/Carrollton, GA

5. The Court appoints the following attorneys to the Plaintiffs' Steering Committee (PSC):

Margaret Branch
Branch Law Firm
Albuquerque, NM

Chris Coffin
Pendley, Baudin & Coffin, LLP
New Orleans, LA/Plaquemine, LA

Ernest Cory
Cory, Watson, Crowder & DeGaris
Birmingham, AL

Martin Crump
Davis & Crump, PC
Gulfport, MS

W. Lewis Garrison, Jr.
Heninger, Garrison Davis, LLC
Birmingham, AL

Lisa Gorshe
Johnson Becker, PLLC
Minneapolis, MN

Mike Heaviside
Heaviside Reed Zaic
Laguna Beach, CA/Washington, DC

Catherine Heacox
The Lanier Law Firm
Houston, TX/New York, NY/Los Angeles, CA

Robert K. Jenner
Janet, Jenner & Suggs, LLC
Baltimore, MD/Columbia, SC

Casey Lott
Langston & Lott, PA
Booneville, MS

Dianne Nast
Nast Law, LLC
Philadelphia, PA

Frank Petosa
Morgan & Morgan, PA
Orlando, FL/Atlanta, GA/Boca Raton, FL

Lori Siler Restaino
Restaino Siler, LLC
Denver, CO

Joseph F. Rice
Motley Rice, LLC
Charleston, SC

Brad Seidel
Nix, Patterson & Roach, LLP
Dangerfield, TX/Austin, TX

Frank Woodson
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
Montgomery, AL

6. These designations are of a personal nature. Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

7. This Court may amend or expand the PSC upon request from the PEC or on its own motion, if and as circumstances warrant.

3

8. The PEC is chaired by Plaintiffs' Lead Counsel. Lead Counsel is vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the PEC and the PSC set forth below; to schedule meetings and keep minutes or transcripts of these meetings; to appear at periodic court noticed status conferences and hearings; to sign and file pleadings relating to all actions; to bind the PEC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel. Lead Counsel shall perform other necessary administrative and logistic functions of the PSC and carry out any other duty as the Court may order. Lead Counsel may delegate administrative functions within the members of the PEC.

9. The PEC is given the responsibility to create such committees and subcommittees of the PSC as are necessary to efficiently carry out its responsibilities, to designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of plaintiffs. All attorneys carrying out such common benefit work who may look to any common fund or agreement for reimbursement or compensation shall maintain and submit time and expense records in accordance with guidelines to be set by the Court. The compensation for such common benefit work will be specified by the Court in a subsequent Order. All such reimbursement and compensation shall be subject to this Court's approval.

10. The PEC will share in the responsibilities of the PSC as outlined below.

11. The PSC will have the following responsibilities:

    a. <u>Discovery</u>

        i. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in the MDL proceedings and coordinate to the extent possible with any Lipitor product liability state court actions ("the state court proceedings") to avoid duplicative depositions or other inefficient discovery.

        ii. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

        iii. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similarly, requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

        iv. Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

    b. <u>Hearings and Meetings</u>

        i. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

ii.  Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

iii.  Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

c.  <u>Miscellaneous</u>

i.  Submit and argue any verbal or written motions presented to the Court or Magistrate Judge on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

ii.  Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the time allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

iii.  Explore, develop, and pursue all settlement options pertaining to any claim, or portion thereof, in any case filed in this litigation.

iv. Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs or their attorneys. The document depository will include all documents produced to plaintiffs during discovery as well as deposition transcripts of all depositions taken by plaintiffs in this litigation.

v. Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

vi. Provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis.

vii. Perform such other functions as may be expressly authorized by further orders of the Court.

12. No pleadings or other papers shall be filed or discovery conducted concerning liability on behalf of all plaintiffs except as prepared on behalf of the PSC and signed by Lead Counsel.

13. Plaintiffs' Liaison Counsel shall be responsible for, among other things:

a. Receiving on behalf of the attorneys for all plaintiffs notice of all Court orders, notices of pretrial conferences, and other notices applicable to all plaintiffs and acting as the primary contact between the Court and plaintiffs' counsel.

b.  Preparing and transmitting copies of such notices as they may receive as Liaison Counsel to each of the plaintiffs' attorneys of record when service is not already effected upon them electronically under the Local Rules or this Court's other pretrial orders.

c.  Establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, which Plaintiffs' Liaison Counsel shall make available to counsel for all plaintiffs upon reasonable request.

d.  Maintaining records of receipts and disbursements advanced by members of the PSC and received by the PSC and to report in writing to the PSC concerning disbursements and receipts.

e.  Designating counsel to schedule depositions, set agendas, and otherwise interact with defendants' counsel.

f.  Acting as the treasurer for any common benefit assessments and expenses.

14. Plaintiffs' Lead Counsel, with Plaintiffs' Liaison Counsel as the treasurer for said account(s), shall deposit and invest all assessments for a litigation fund in an interest bearing insured money market bank account or United States Treasury Bills, and pay reasonable litigation expenses subject to regular review and approval by this Court. The initial and subsequent assessments shall be determined by the PEC with the assistance of the PSC. All such assessments shall be subject to final accounting at an appropriate time.

15. An attorney's membership as Lead Counsel, Liaison Counsel or as a member of the PEC or PSC shall be contingent on that attorney's continuing commitment to the diligent prosecution of this litigation and that attorney promptly paying any assessment for the litigation fund. Further, if any designee fails to meet their financial obligations to the

PEC/PSC for funding this litigation for more than 60 days, the designee will be removed from their respective appointed position without further order of this Court.

16. The Court recognizes that independent investigations have been undertaken by various plaintiffs' counsel and defendants' counsel. Certain investigative materials gathered by individual counsel in the course of their independent case investigations may constitute attorney work product. All documents and investigative materials obtained prior to the date of this order will be shared only with counsel having the same interests and subject to an agreement regarding the sharing of costs and expenses of obtaining and producing said investigative material and attorney work product. The PEC shall make a good faith effort to resolve the cost-sharing issues relevant to independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

17. This organization of counsel for pretrial proceedings is not intended to constitute a waiver of any party's rights under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

### Privileges Preserved

18. The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege and/or the work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications. This provision does not limit the rights of any party or counsel to assert

the attorney-client privilege or attorney work product doctrine. Nor does this provision expand or create a protection or privilege that the parties do not otherwise already enjoy.

## Attorneys' Time and Expense Records

19. All counsel (plaintiff and defense) shall keep contemporaneous records of their time spent and expenses incurred in connection with this litigation, and failure to maintain such records will be grounds for denying court-awarded attorneys' fees.

20. The Court has reviewed Judge Fallon's Pretrial Order #6 in the Vioxx MDL, which sets guidelines for Plaintiffs' counsels' time and expense submissions. The Court is considering entering an order similar to Judge Fallon's Pretrial Order #6 and is considering having Plaintiffs' Liaison Counsel retain a CPA subject to approval by the Court. Plaintiffs' Liaison Counsel and Lead Counsel are directed to review Judge Fallon's order[1] and be prepared to discuss such a process at the April 25, 2014 status conference.

## Status Conference on April 25, 2014

21. This next status conference in this matter will be held on **April 25, 2014, at 10 A.M.**

22. Plaintiffs' Lead Counsel and Defendant's Counsel must confer and submit a joint status report five (5) business days before the status conference as explained in Paragraph 4 of CMO 2.

23. In addition, Plaintiff's Lead Counsel and Defendant's Counsel must meet and confer and submit to the Court a proposed scheduling order at least three (3) business days prior to the status conference.

---

[1] Judge Fallon's order is available at available at
http://vioxx.laed.uscourts.gov/Orders/vioxxpto6withA.pdf

## Other Matters

24. In any action that is (a) filed in or transferred to this Court after this Order is entered and (b) consolidated with this action for pretrial purposes, the Clerk shall provide notice of Case Management Order No. 1, Case Management Order No. 2, and this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 8, 2014
Charleston, South Carolina