IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION



RECEIVED

2014 APR 25 ⊃ 12: 38

|  |  |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) ) | MDL No. 2:14-mn-02502-RMG **CASE MANAGEMENT ORDER NO. 4** **This Order relates to All Actions.** |

## Applicability and Scope of Order

1. **Scope.** This CMO is intended to conserve judicial resources, eliminate duplicative

   services by all counsel and co-counsel, eliminate duplicative discovery, serve the

   convenience of the parties and witnesses, and promote the just and efficient conduct of

   this litigation. Consistent with this Court's CMO 1, dated February 26, 2014, this Order

   and, unless otherwise specified, any subsequent pretrial or case management orders

   issued in this MDL, shall govern the practice and procedure in those actions transferred

   to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its

   order entered on February 18, 2014, any tag-along actions transferred to this Court by the

   JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the

   filing of the final transfer order by the Clerk of the Court, and all related actions

   originally filed in this Court or transferred or removed to this Court and assigned thereto

   as part of *In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products

   Liability Litigation*, MDL No. 2502. These cases, which have been consolidated by the

   Court pursuant to CMO 1, will be referred to as the "MDL proceedings." The provisions

of this Order, and any subsequent pretrial order or case management order issued in the MDL proceedings, shall supersede any inconsistent provisions of the Court's Local Rules. The consolidation of these cases, including certain of these cases that may be directly filed into this MDL, does not constitute a waiver of any party's rights under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). This CMO shall not be construed to affect the governing law or choice-of-law rules in any case subject to the CMO.

2. **Application to All Parties and Counsel.** This Order and all subsequent pretrial or case management orders shall be binding on all parties and their counsel in all cases currently pending, or subsequently transferred to, removed to, or pending in the MDL proceedings and shall govern each case in the MDL proceedings unless the order explicitly states that it relates only to specific cases.

3. **Transferor Case Management Order Superseded.** Except as otherwise provided herein, any order entered in a transferor court or by this Court in any action consolidated in these MDL proceedings before the action became part of the MDL proceedings is vacated to the extent it relates to scheduling or discovery, and scheduling and discovery shall be governed by this and subsequent orders entered in this proceeding.

4. **Amendment and Exceptions.** This Order may be amended by the Court on its own motion, and any party may apply at any time to this Court for a modification or exception to this Order.

## Electronic Filing

5.  The parties are expected to follow the District of South Carolina's policies and procedures on Electronic Case Filing and the procedures outlined in Paragraphs 5-7 of CMO 1. All counsel of record are directed to take steps as necessary to be registered as electronic filers in the District of South Carolina.

6.  All documents, except discovery documents that shall not be filed, shall be electronically filed in the master MDL docket and spread to the appropriate cases as explained in CMO 1. Electronic case filing of a document, other than an initial pleading, in the master docket shall be deemed to constitute proper service on all parties.

7.  Discovery and other documents not filed with the Court shall be served by electronic mail on the appropriate Lead and Liaison Counsel and other appropriate counsel as set forth below in Paragraph 35.

## Lead Counsel and Communication with the Court

8.  As set forth in CMO 3, Plaintiffs' Lead Counsel is H. Blair Hahn and Plaintiffs' Liaison Counsel is Mark C. Tanenbaum.

9.  The Court hereby makes the following additional appointments:

**Defendants' Lead Counsel:**

Mark S. Cheffo
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, New York 10010
(212) 849-7000
markcheffo@quinnemanuel.com
(with copies to Rachel Passaretti-Wu at rachelpassarettiwu@quinnemanuel.com and
Mara Cusker Gonzalez at maracuskergonzalez@quinnemanuel.com);

**Defendants' Liaison Counsel:**

Michael T. Cole
Nelson Mullins Riley & Scarborough LLP
Liberty Center, Suite 600
151 Meeting Street
Charleston, South Carolina 29401
(843) 853-5200
mike.cole@nelsonmullins.com
(with copies to Amanda Kitts at amanda.kitts@nelsonmullins.com)

10. Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to Lead and Liaison Counsel for both sides and, where the communication relates to a specific case or cases, to primary counsel for Plaintiff(s) and Defendant(s) in such cases as well as to Lead and Liaison Counsel for both sides. All substantive communications with the Court from any Plaintiff or counsel for Plaintiff must be sent first to Plaintiffs' Lead Counsel before being submitted to the Court.

**Plaintiffs' Counsel's Time and Expense Submissions**

11. Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

12. **General Guidelines**

   a. All time and expenses submitted must be incurred only for work authorized by the Plaintiffs' Steering Committee.

   b. These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2502.

c. Time and expense submissions must be submitted through the bill4time software included on the MDL website, www.lipitormdl2502.com.

d. Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Joseph A. Hinske, CPA, of the accounting firm of Legare, Bailey & Hinske to assist and provide accounting services to Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2502. Legare, Bailey & Hinske will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall file them under seal with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to Legare, Bailey & Hinske and the Court shall be considered as if filed under seal.

e. Time and expense submissions must be submitted timely, on a monthly basis, to Plaintiffs' Liaison Counsel, Mark C. Tanenbaum through the bill4time software included on the MDL website, www.lipitormdl2502.com, so they can be compiled and submitted to Legare, Bailey & Hinske and the Court. It is therefore essential that each firm, on a monthly basis, timely submit its records for the preceding month.

f. The time and expense information submitted each month shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submissions.

g.  The first submission is due on **May 30, 2014**, and should include all time through April 30, 2014. Thereafter, time records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month.

13. **Time Reporting Guidelines**

   a.  Only time spent on matters common to all claimants in MDL 2502 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.

   b.  All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically in accordance with the Litigation Task Definitions as outlined in Attachment A. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

   c.  All time for each firm shall be maintained in tenth-of-an-hour increments. Failure to do so may result in time being disallowed.

14. **Expense Reporting Guidelines**

   a.  Advanced costs will be deemed as either "Shared" or "Held."

      i.  Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2502 Fund account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the PSC and others as determined by the PEC with the assistance of the PSC. The

PSC MDL 2502 Fund account will be administered by Legare, Bailey & Hinske in accordance with Paragraph 14 of CMO 3.

 ii. Held Costs are those that will be carried by each attorney in MDL 2502 and reimbursed as and when determined by the PSC.

b. Each member of the PSC and any others as set forth in section (14 a. i.) above will contribute to the Plaintiffs' Steering Committee MDL 2502 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PEC with the assistance of the PSC. All such assessments shall be subject to final accounting at an appropriate time.

c. <u>Shared Costs</u>. Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by Plaintiffs' Liaison Counsel prior to payment.

 i. Shared Costs include:

  1. Court, filing and service costs;

  2. Deposition and court reporter costs;

  3. Document Depository: creation, operation, staffing, equipment and administration;

  4. Plaintiffs' Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance,

telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

5. PSC group administration matters such as meetings and conference calls;

6. Legal and accountant fees;

7. Expert witness and consultant fees and expenses;

8. Printing, copying, coding, scanning (out-of-house or extraordinary firm cost);

9. Research by outside third party vendors/consultants/attorneys;

10. Common witness expenses including travel;

11. Translation costs;

12. Bank or financial institution charges; and

13. Investigative services.

ii. Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow Plaintiffs' Liaison Counsel and the CPA to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

d. <u>Held Costs</u>. Held Cost records shall be submitted to Plaintiffs' Liaison Counsel on a monthly basis. Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories

but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

    i.  Telefax charges

    ii.  Postage, shipping, courier, certified mail

    iii.  Printing and photocopying (in-house)

    iv.  Computerized research - Lexis/Westlaw

    v.  Telephone -long distance (actual charges only)

    vi.  Travel - (following the travel expense guidelines set forth in Section e below) –for attorney for deposition, court or legislative including:

        1.  Airfare

        2.  Reasonable ground transportation

        3.  Hotel

        4.  Reasonable meals and entertainment

        5.  Reasonable other (parking)

        6.  Car rental, cabs, etc.

    vii.  Secretarial and clerical overtime.

e.  <u>Travel Limitations</u>. Except in extraordinary circumstances approved by Plaintiffs' Liaison Counsel or the PSC, all travel reimbursements are subject to the following limitations:

i. Airfare. Only the lowest-priced available coach air fare at time of booking (either at restricted coach rates or rates which allow the reservation to rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first class airfare will be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights.

ii. Hotel. Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes, **or** (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city.

iii. Meals. Meal expenses must be reasonable.

iv. Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

v. Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

vi. Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by

the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 56 cents per mile).

f.  Other Limitations

    i.  Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the litigation.

    ii.  Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

    iii.  Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

    iv.  Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

    v.  In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

    vi.  Secretarial and Clerical Overtime: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All such overtime must be approved before submission by Plaintiffs' Liaison Counsel or the PSC.

       vii.   Computerized Research - Lexis/Westlaw: Claims for Lexis, Westlaw, and

other computerized legal research expenses should be in the exact amount

charged to the firm for these research services.

15. Plaintiffs' Liaison Counsel shall establish software to implement and carry out time and

expense submissions required by the Court and necessary to compile and maintain the

records. The software will be available on the MDL website, www.lipitormdl2502.com.

The time and expense information submitted each month shall be certified by a senior

partner in each firm attesting to the accuracy and correctness of the submissions.

16. Questions regarding the guidelines or procedures should be directed to Plaintiffs' Liaison

Counsel, CPA Joseph A. Hinske or the Court.

## Direct Filing

17. In order to eliminate delays associated with transfer to this Court of cases filed in or

removed to other federal district courts, any plaintiff whose case would be subject to

transfer to these MDL proceedings may file his or her case directly in the District of

South Carolina, in accordance with the procedures in this Order.

18. Any complaint that is directly filed in the MDL proceedings must be a "Single-Plaintiff

Complaint." A "Single-Plaintiff Complaint" is a complaint filed: (1) by an individual

plaintiff; (2) by a plaintiff and family member plaintiffs; or (3) on behalf of the estate of a

deceased individual, together with any family members and/or beneficiaries of such

estate. Multi-Plaintiff-complaints, or complaints joining two or more plaintiffs other than

as expressly provided above, may not be directly filed into the MDL proceedings without

Court approval.

19. Each complaint filed directly in the MDL proceedings must comply with the Federal Rules of Civil Procedure and allege the current state of residence of the plaintiff(s). Each complaint filed directly in the MDL proceedings (including any short-form complaint filed pursuant to the procedures established in connection with a Master Complaint) also should allege that Plaintiff has been diagnosed with type 2 diabetes and, to the extent possible at the time of filing, include allegations identifying: (1) the state in which the plaintiff ingested Lipitor; (2) the plaintiff's gender; (3) the current age of plaintiff or date of death of deceased individual; and (4) the approximate dates plaintiff started and stopped taking Lipitor.

20. No reference in this Order to actions filed originally or directly in the United States District Court for the District of South Carolina shall constitute a waiver of any party's contention that jurisdiction or venue is improper or that the action should be dismissed or transferred. The fact that a case was filed directly in the MDL proceedings also shall have no impact on the choice of law to be applied in the case. Pfizer will not challenge the venue of any action filed directly in the MDL proceedings in the District of South Carolina pursuant to each of the provisions set forth above for purposes of pretrial proceedings, without prejudice to its right to seek transfer pursuant to 28 U.S.C. §§ 1404 and 1406 for trial.

21. At the conclusion of pretrial proceedings, should the parties agree both that a case filed directly in the MDL proceedings should be transferred and on the district to which it should be transferred, the parties will jointly advise the Court of the district to which the case should be transferred at the appropriate time. Should the parties disagree as to the district to which a case should be transferred, nothing in this Order precludes any party

from filing a motion to transfer pursuant to 28 U.S.C. § 1404(a) or § 1406 at the

conclusion of pretrial proceedings.

## **Additional Parties**

22. Except as otherwise set forth herein, no party may be added to a case absent leave of

Court or stipulation of the parties.

## **Motions Practice**

23. Except as otherwise provided herein, all motions and briefs shall conform to Local Civil

Rules 7.04-7.07 DSC. All counsel must comply with Local Civil Rule 7.02 D.S.C. when

filing motions. All motions on behalf of Plaintiffs or the Plaintiffs' Steering Committee

("PSC") must be signed by Plaintiffs' Lead Counsel.

24. To be heard at a regularly-scheduled status conference, a non-dispositive[1] motion not

otherwise subject to the provisions for discovery disputes set forth in Paragraph 43 below

must be submitted or filed and served at least fourteen (14) days before the status

conference, with any response to be filed at least seven (7) days before the status

conference. Any such motion filed and served less than fourteen (14) days before a status

conference shall not be heard at the upcoming status conference, absent order of the

Court.

25. Nothing in Paragraph 24 is intended to preclude any party from raising discovery issues

not yet the subject of a motion by including those issues in the joint status report

submitted in advance of a status conference pursuant to CMO 2 and discussing such

---

[1] For purposes of this Order, motions to exclude testimony of experts pursuant to Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert* motions"), are excluded from this provision. A separate briefing schedule will be set for *Daubert* motions below.

issues with the Court during a regularly scheduled status conference. Briefing schedules for dispositive motions shall be established separately.

## Coordination with State Court Proceedings

26. In order to achieve the full benefits of the MDL proceedings, this Court intends to coordinate with state courts presiding over related cases, and the parties will similarly coordinate discovery and other appropriate pretrial proceedings with any related state court litigations to the greatest extent possible.

27. The parties will coordinate discovery activities and avoid unnecessary duplication and inconsistency by, at a minimum: (a) conferring with state court attorneys in order to submit consistent proposed case management orders, protective orders, discovery plans, and discovery protocols, including as to electronic production, the form of production, and the number and scope of custodial searches; (b) the PSC providing access to a common document repository for discovery from common defendants to state court attorneys who agree to be bound by the protective order entered by this Court as set forth in Paragraphs 31-32 below and to pay any assessments approved by this Court; (c) cross-noticing, by Defendants, of depositions of defense witnesses and providing for participation of counsel in state court actions at such depositions; (d) making reasonable efforts to ensure that, absent agreement, no witness will have to give more than a single deposition; (e) timely communicating to Plaintiffs' and Defendants' Lead and Liaison Counsel relevant developments in, and opportunities for coordinating with, any related state court proceedings; and (f) keeping the Court informed of such activities through regular joint reports.

28. The Court retains the power to enforce these coordination and cooperation requirements, including through protective orders precluding or narrowing duplicative discovery.

## Preservation

29. All parties and their counsel are reminded of their duty, consistent with the Federal Rules of Civil Procedure, to take reasonable measures to preserve documents, electronically stored information, and things that are potentially relevant.

30. In addition, the parties shall maintain and preserve documents produced pursuant to the Discovery Plan set forth below, future order of this Court and/or in response to requests for production of documents so that they shall be available to all attorneys, on reasonable terms and conditions, and to the Courts in which the actions subject to this Plan are pending.

## Confidentiality and Protective Order

31. **Protective Order**. The protection of confidential documents and information and the inadvertent production of confidential and/or privileged information shall be subject to the terms of the Joint Confidentiality and Protective Order entered by this Court on July 3, 2013 (the "Protective Order"), in the Lipitor cases previously consolidated before this Court, including *Smalls v. Pfizer Inc.*, No. 2:13-cv-00796 (hereinafter, the *Smalls* cases). The Protective Order, attached here as Attachment B, is hereby adopted in and applicable to the MDL proceedings and is binding on all parties and counsel to ensure the protection of confidential information. The Protective Order may be modified only on agreement of the parties or by order of the Court.

32. **Sharing of Confidential Information.** An attorney of record in the MDL proceedings may share documents or information produced by Pfizer in the MDL proceedings with

attorneys of records for plaintiffs in other pending state or federal court litigation within the United States filed against Pfizer and involving the alleged use of Lipitor and alleged injury of diabetes, pursuant to the following provisions: (1) prior to disclosure of confidential documents or information to any such attorney, counsel for the disclosing party shall deliver a copy of the Protective Order in the MDL proceedings to such attorney, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Protective Order as Exhibit A, which shall be retained by counsel for the disclosing party; (2) it shall be the obligation of counsel, upon learning of any breach or threatened breach of the Protective Order by any such attorney with whom confidential documents or information are shared, to promptly notify counsel for the designating party of such breach or threatened breach; (3) the name of each such attorney with whom confidential information is shared shall be provided to Defendants' Lead Counsel; and (4) disclosure shall not be made to any attorney whom the disclosing attorney knows to have been found to have violated the terms of a protective order in any litigation or legal proceeding.

**Preliminary Discovery Plan and Procedures**

33. **Discovery Under the Plan.** No party may conduct any discovery of another party not expressly authorized by this Discovery Plan absent further Order of this Court or express agreement of the parties. This provision shall not preclude third-party discovery; provided, however, that any party intending to serve third-party discovery shall give ten (10) days written notice to the other party of the third-party discovery to be served. Such notice shall include a copy of the discovery to be served.

34. **Waiver of Initial Disclosures, Withdrawal of Pending Discovery**. For all cases in the MDL proceedings, the parties are relieved from complying with the requirements of Federal Rule of Civil Procedure 26(a)(1) and Local Civil Rule 26.01, DSC. Except as otherwise provided herein, any request for discovery or notice of deposition served in a case before it was transferred to the MDL proceedings is deemed withdrawn.

35. **Service of Discovery**. Unless otherwise directed by this Court, the parties shall serve all papers that are not to be filed with the Court, including, but not limited to, disclosures under Federal Rule of Civil Procedure 26, Fact Sheets, deposition notices, interrogatories, requests for documents, requests for admission, responses thereto, and certificates of service thereof, by electronic mail on Plaintiffs' Lead and Liaison Counsel and Defendant's Lead and Liaison Counsel. Such papers are not to be filed with the Clerk, nor are courtesy copies to be delivered to the Court, except when specifically ordered by the Court or to the extent needed in connection with a motion, and only in accordance with the protective order governing the MDL proceedings. Where a paper is applicable to all cases or substantially all cases, or such categories of cases as may be defined in subsequent Orders, Plaintiffs' Liaison Counsel also shall electronically serve such paper on counsel of record for the individual Plaintiff(s) to whom the paper is applicable. Where a paper to be served by a Defendant is applicable to a particular case, Defendants' Lead and Liaison Counsel shall electronically serve such paper on the counsel of record for the individual Plaintiff(s) in that case as well as Plaintiffs' Lead and Liaison Counsel. Where a paper to be served by one or more Plaintiffs is applicable to a particular case and a particular Defendant other than a Pfizer entity, Plaintiffs' counsel shall electronically

18

serve such paper on the counsel of record for the individual Defendant(s) as well as Defendants' Lead and Liaison Counsel.

36. All discovery directed to Defendants and non-party witnesses on behalf of Plaintiffs shall be undertaken by, or under the direction of, the PSC on behalf of all Plaintiffs with cases in these MDL proceedings.

37. **Format of Production.** The protocol for and format of production of documents shall follow the Document Production Protocol the parties are currently working to finalize and submit for entry by this Court.

38. **Assertion of Privilege.** Any party that withholds the production of requested documents or materials on the ground of any privilege or application of the work-product doctrine must provide a Privilege Log. Each Privilege Log shall describe each document or thing for which a privilege or the work product doctrine is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether or not to dispute any such assertion of privilege or application of the work product doctrine. This will include but is not limited to information regarding the document's subject, date, author, and all recipients, the specific privilege asserted, and the factual basis for the privilege. Each party withholding materials shall provide opposing counsel a copy of the Privilege Log in electronic form contemporaneously with each production whenever possible, but in no case later than ninety (90) days after the production absent agreement of the parties. If a partial production is made, the party shall produce a privilege log relating to such partial production.

39. **Records Collection**. The parties are working to reach agreement on the joint designation of a single company for the collection and management of medical, pharmacy, insurance,

educational, employment and other relevant third-party records in the MDL proceedings. The parties are working to reach agreement on a protocol for sharing the costs of records collection and will set forth the terms of such agreement on cost-sharing in a separate document. Records will be accessible through the designated collection company, and Pfizer will not be required or expected to provide separate or additional copies thereof to any Plaintiff.

40. **Written and Document Discovery of Pfizer**:

    a. To date, Pfizer has responded to Requests for Production of Documents and Interrogatories and produced documents pursuant to agreed Orders entered in the *Smalls* cases, including the Joint Scheduling Order entered September 13, 2013 (*Smalls*, Dkt. No. 36) and the Agreed Order on Production of Documents entered January 21, 2014 (*Smalls*, Dkt. No. 59). Plaintiffs' requests and Pfizer's written discovery responses and productions to date in the *Smalls* cases are hereby deemed applicable to and made in the MDL proceedings, and no duplicative discovery requests shall be served on Pfizer.

    b. In response to Plaintiff's Requests for Production in *Smalls*, Pfizer agreed to produce the following categories of documents:

        i. Investigational New Drug Application Files ("IND");

        ii. New Drug Application Files ("NDA");

        iii. Spontaneous Adverse Event Reports ("AERs");

        iv. Standard Operating Procedures ("SOPs");

        v. Prescribing Information ("Labeling");

        vi. Certain Custodial Files;

vii. Medical Information Letters;

viii. Minutes of Safety and Labeling Multidisciplinary Committees ("Minutes");

ix. Records of Contact;

x. Periodic Safety Update Reports ("PSURs");

xi. Lipitor Learning System;

xii. Sales Representative Call Notes for Prescribing Physicians ("Sales Representative Materials"); and

xiii. Review Committee Marketing Materials ("Review Committee Files").

c. Pfizer has produced some of the categories of documents listed in Paragraph 40.b. to Plaintiffs and shall complete the production of all categories of documents above on a rolling basis with the exception of Certain Custodial Files and Sales Representative Call Notes (which will be produced as part of the Defendant Fact Sheet governed by a later order of this Court) by **July 11, 2014**.

d. In addition to the categories of documents listed above, Pfizer agreed to produce the SAS datasets, SAS codebooks, study protocols, and final study reports for certain clinical studies of Lipitor and has already produced some of that material. Pfizer shall complete production of that material by **June 27, 2014**.

e. With regard to Certain Custodial Files referenced above, this Court previously ordered the production of the custodial files of twenty-five (25) witnesses (fifteen (15) initially chosen by Pfizer, and ten (10) additional witnesses chosen by Plaintiffs). Pfizer has begun producing documents from those custodial files, and Plaintiffs may identify an additional fifteen (15) witnesses for whom Pfizer shall

produce custodial files (bringing the total to forty (40) custodial files). Plaintiffs shall request such witness files on a rolling basis and no later than **July 18, 2014**. Pfizer shall complete the production of documents from all forty (40) custodial files on a rolling basis by **September 8, 2014**.

f. In addition to the twenty (20) interrogatories Plaintiffs served in the *Smalls* cases, Plaintiffs may serve up to twenty-five (25) additional interrogatories on Pfizer.

41. **Depositions of Pfizer**

a. The parties in the *Smalls* cases previously agreed that Pfizer would provide a witness for Rule 30(b)(6) deposition on topics related to electronically stored information ("ESI"), but such deposition was cancelled due to inclement weather. Pfizer has agreed to provide its witness on ESI topics by **June 13, 2014**. In addition, by **May 9, 2014**, the PSC will provide Pfizer with 30(b)(6) deposition notices directed at corporate organization/structure and pharmacovigilance. By **May 23, 2014**, Pfizer will identify witnesses and propose dates for such depositions to take place, which proposed dates will be before **June 27, 2014**. Pfizer will serve any objections to such notices at least two weeks before the agreed deposition date.

b. Depositions of common fact witnesses currently or formerly employed by Pfizer, other than any depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6) (collectively "common Pfizer witnesses"), shall commence on **September 26, 2014**, but may commence earlier if the parties agree.

c. With regard to fact witnesses, absent agreement or a showing of good cause, Plaintiffs may take up to forty (40) fact witness depositions of Pfizer employees

and/or former employees. The parties will meet and confer regarding the timing of those depositions, consistent with Paragraph 41b. Plaintiffs agree not to seek a second deposition of a fact witness absent good cause shown.

42. **Extension of Discovery Deadlines.** Nothing in this Order shall be interpreted to restrict the ability of the parties to stipulate in writing to an extension of discovery deadlines or to move for an extension of discovery deadlines as permitted by the Rules. If any discovery extension would impact non-discovery deadlines in this case, the parties must obtain Court approval. The parties further agree that, should any of the deadlines set forth above become infeasible as a result of an unexpected technical or similar matter, the responding or producing party shall provide advance notice and an estimated date for the response or production. If, after meeting and conferring in good faith, the receiving party objects to any modified date for production, it may seek a conference with the Court.

43. **Discovery Dispute Resolution.** To avoid unnecessary litigation concerning discovery disputes, counsel are directed to meet and confer before contacting the Court on discovery issues. Unless the Court requests formal briefing, any discovery dispute – other than a dispute arising in the course of a deposition, addressed below – will be submitted to the Court by letter as follows: (1) the movant will email to the Court and to Lead and Liaison Counsel for the opposing side a letter of no more than seven (7) double-spaced pages setting forth its position and certifying that the movant has in good faith conferred or attempted to confer with the party or person failing to make discovery in an effort to obtain it without court action; (2) the responding party may submit a responsive letter of no more than seven (7) double-spaced pages within ten (10) business days with a copy to opposing counsel; and (3) the movant may submit a reply of no more than five

(5) double-spaced pages within seven (7) business days of the responding letter. The Court, at its discretion, will then either: (1) schedule a meeting with Lead and Liaison Counsel for the parties and any other relevant counsel; (2) conduct a telephonic conference call with such counsel; or (3) invite additional written submissions from the parties. Any motion to compel or motion for protective order not previously authorized by the Court will be summarily denied for failure to follow this procedure. This CMO obviates the obligation of any party to comply with the timing requirement in Local Civil Rule 37.01.

### Initial Trial

44. The first case to be tried shall be subject to being called for jury selection and/or trial on or after **July 1, 2015**.

### Status Conference on May 16, 2014

45. This next status conference in this matter will be held on **May 16, 2014, at 10 A.M.**

46. The parties need not submit a joint status report before the May 16, 2014 Status Conference as ordered in CMO 2. Instead, the parties must submit on or before **May 9, 2014**, a joint or competing proposed orders on the issues listed below:

   a. Master Pleadings;

   b. a comprehensive Plaintiffs' Discovery Plan, which shall include Plaintiffs' Fact Sheets, Authorizations for Records, and Discovery Groups;

   c. a Defendant Fact Sheet; and

   d. a Bellwether Trial selection process.

47. While the parties are not required to submit a full joint status report, if the parties wish to raise any issues with the Court on May 16, 2014, not covered in Paragraph 46, they must submit a joint report delineating these issues and the parties' respective positions.

## Notice in Future Cases

48. In any action that is (a) filed in or transferred to this Court after this Order is entered and (b) consolidated with this action for pretrial purposes, the Clerk need not separately file the Case Management Orders already entered in these MDL proceedings. However, the Clerk shall include a statement in the initial notice to counsel that Case Management Orders Nos. 1-4 govern all cases in the MDL proceedings and can be viewed on the Court's MDL website.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April **25**, 2014
Charleston, South Carolina

# Attachment A

# Litigation Task Code Definitions

The litigation Code Set is intended for use in all adversarial matters including litigation, biding arbitrations, and regulatory/administrative proceedings. The following definitions elaborate on the intended scope of each phase and task and should guide attorneys in coding time.

## Case Assessment. Development and Administration

Focuses on the case as a whole, the "forest" rather than the "trees".

**Fact Investigation/Development**. All actions to investigate and understand the facts of a matter. Covers interviews of client personnel and potential witnesses, review of documents to learn the facts of the case (but not for document production), work with an investigator, and all related communications and correspondence.

**Analysis/Strategy**. The thinking, strategizing, and planning for a case, including discussions, writing, and meetings on case strategy. Also includes initial legal research for case assessment purposes and legal research for developing a basic case strategy. Most legal research will be under the primary task for which the research is conducted. Once concrete trial preparation begins, use "Other Trial Preparation and Support."

**Experts/Consultants**. Identifying and interviewing experts and consultants (testifying or non-testifying), working with them, and developing expert reports. Does not include preparing for expert depositions, see "Expert Discovery" or time spent with experts/consultants during trial preparation and trial, see "Expert Witnesses."

**Document/File Management**. A narrowly defined task that comprises only the processes of creating and populating document and other databases or filing systems. Includes the planning, design, and overall management of this process. Work of outside vendors in building litigation support databases should be an Expense.

**Budgeting**. Covers developing, negotiating, and revising the budget for a matter.

**Settlement/Non-Binding ADR**. All activities directed specifically to settlement. Encompasses planning for and participating in settlement discussions, conferences, and hearings and implementing a settlement. Covers pursuing and participating in mediation and other non-binding Alternative Dispute Resolution (ADR) procedures. Also includes pre-litigation demand letters and ensuing discussions.

**CLE**. Continuing Legal Education related specifically to this matter.

**Other Case Assessment, Development and Administration**. Time not attributable to any other overall task. Specific use in a given matter often may be pre-determined jointly by the client and law firm.

## Pre-Trial Pleadings and Motions

Covers all pleadings and all pretrial motions and procedures other than discovery.

**Pleadings.** Developing (researching, drafting, editing, filing) and reviewing complaints, answers, counter-claims and third party complaints. Also embraces motions directed at pleadings such as motions to dismiss, motions to strike, and jurisdictional motions.

**Preliminary Injunctions/Provisional Remedies**. Developing and discussing strategy for these remedies, preparing motions, affidavits and briefs, reviewing opponent's papers, preparing for and attending court hearing, preparing witnesses for the hearing, and effectuating the remedy.

**Court Mandated Conferences**. Preparing for and attending hearings and conferences required by court order or procedural rules (including Rule 16 sessions) other than settlement conferences. Dispositive Motions. Developing and discussing strategy for or opposing motions for judgment on the pleadings and motions for complete or partial summary judgment, preparing papers, reviewing opponent's papers, defensive motions (e.g., motion to strike affidavit testimony, Rule 56(f) motion), and preparing for and attending the hearing.

**Other Written Motions/Submissions**. Developing, responding to, and arguing all motions other than dispositive motions, pleadings, and discovery, such as motions to consolidate, to bifurcate, to remand, to stay, to compel arbitration, for MDL treatment and for change of venue.

**Class Action Certification and Notice**. Proceedings unique to class action litigation and derivative suits such as class certification and notice.

## Discovery

Includes all work pertaining to discovery according to court or agency rules.

**Written Discovery**. Developing, responding to, objecting to, and negotiating interrogatories and requests to admit. Includes mandatory meet-and-confer sessions. Also covers mandatory written disclosures as under Rule26(a).

**Document Production**. Developing, responding to, objecting to, and negotiating document requests, including the mandatory meet-and-confer sessions to resolve objections. Includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing requested privilege lists. (While a general

review of documents produced by other parties falls under this task, coding and entering produced documents into a data base is "Document/File Management" and reviewing documents primarily to understand the facts is "Fact Investigation/Development."

**Depositions**.  All work concerning depositions, including determining the deponents and the timing and sequence of depositions, preparing deposition notices and subpoenas, communicating with opposing or other party's counsel on scheduling and logistics, planning for and preparing to take the depositions, discussing deposition strategy, preparing witnesses, reviewing documents for deposition preparation, attending depositions, and drafting any deposition summaries.

**Expert Discovery**.  Same as "Depositions," but for expert witnesses.

**Discovery Motions**.  Developing, responding to, and arguing all motions that arise out of the discovery process.  Includes the protective order process.

**Other Discovery**.  Less frequently used forms of discovery, such as medical examinations and on-site inspections.

### Trial Preparation and Trial

Commences when lawyer and client determine that trial is sufficiently likely and imminent so that the process of actually preparing for trial begins.  It continues through the trial and post-trial proceedings in the trial court.  Once trial begins, lawyers who appear in court presumptively should bill their court time to "Trial and Hearing Attendance."  Litigation work outside the courtroom during this phase (e.g., evenings, weekends and the time of other attorneys and support personnel), should continue to be classified using "Other Trial Preparation and Support."

**Fact Witnesses**.  Preparing for examination and cross-examination of non-expert witnesses.

**Expert Witnesses**.  Preparing for examination and cross-examination of expert witnesses.

**Written Motions/Submissions**.  Developing, responding to and arguing written motions during preparation for trial and trial, such as motions in limine and motions to strike proposed evidence.  Also includes developing other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs

**Other Trial Preparation and Support**.  All other time spent in preparing for and supporting a trial, including developing overall trial strategy, preparing opening and

closing arguments, establishing an off-site support office, identifying documents for use at trial, preparing demonstrative materials, etc.

**Trial and Hearing Attendance**. Appearing at trial, at hearings and at court-mandated conferences, including pre-trial conferences to prepare for trial. For scheduling conferences that are denominated as "Pre-Trial Conferences", but not directed toward conduct of the trial, use "Court Mandated Conferences."

**Post-Trial Motions and Submissions**. Developing, responding to and arguing all post-verdict matters in the trial court, such as motions for new trial or j.n.o.v., for stay pending appeal, bills of costs, and requests for attorney's fees.

**Enforcement**. All work performed in enforcing and collecting judgments and asserting or addressing defenses thereto.

## Appeal

Covers all work on appeal or before a reviewing body.

**Appellate Motions and Submissions**. Developing, responding to and arguing motions and other filings before a reviewing body, such as motions and other filings for stay pending appeal.

**Appellate Briefs**. Preparing and reviewing appellate briefs.

**Oral Argument**. Preparing for and arguing an appeal before a reviewing body.

# Attachment B

IN THE UNITED STATES DISTRICT COURT RECEIVED USDC CLERK CHARLESTON, SC
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION     2013 JUL -3 P 12: 03

| | | |
|---|---|---|
| EVALINA SMALLS, | ) | Civil Action No. 2:13-cv-00796-RMG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JOINT CONFIDENTIALITY AND** |
| | ) | **PROTECTIVE ORDER** |
| PFIZER INC., | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| WALTRAUD GINA KANE, | ) | Civil Action No. 2:13-cv-01012-RMG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| SUSAN MARIE TURNER, | ) | Civil Action No. 2:13-cv-01108-RMG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| MARGARET A. CLARK, | ) | Civil Action No. 2:13-cv-01164-RMG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| BONNIE C. KNIGHT, | ) | Civil Action No. 0:13-cv-01375-RMG |
| | ) | (Columbia Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| BRENDA K. WILLIAMS, | ) | Civil Action No. 8:13-cv-01421-RMG |
| | ) | (Anderson Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| PATRICIA FERNANDEZ, | ) | Civil Action No. 4:13-cv-01423-RMG |
| | ) | (Florence Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CHRISTINE PAPCUN, | ) | Civil Action No. 4:13-cv-01422-RMG |
| | ) | (Florence Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Whereas, the parties to this Consent Confidentiality and Protective Order (the "parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this _3rd_ day of _July_ 2013, ORDERED:

1.    **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.    **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3.    **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.

4.    **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within thirty (30) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Until the expiration of the 30-day period, the entire deposition will be treated as confidential.

5.    **Protection of Confidential Material.**

a.    **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons

3

identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation). The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

b.    **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(6) below, and then, except as to counsel of record and their direct employees, only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of persons (hereinafter, "Qualified Persons") may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)    parties and employees of a party to this Order where the employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

4

(5)    where the confidential information is a plaintiff's medical records, that plaintiff's treating physicians, nurse practitioners, or other medical professionals who treated the plaintiff; and

(6)    persons noticed for deposition or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, only pursuant to paragraph 5.c. below.

c.    **Use in Depositions or With Trial Witnesses.** A deponent or a witness at deposition, trial or hearing, other than those who are otherwise covered by paragraphs 5.b.(2) or 5.b.(4) above may be allowed to review documents that have been designated CONFIDENTIAL where there is a reasonable basis to believe that disclosure is necessary to prepare the witness for the testimony, and only to the extent reasonably necessary to prepare the witness. If a party wishes to show confidential information to such a deponent or witness before or during a deposition, hearing, or trial, the party shall obtain each such witness's endorsement of the protective order in advance of the deposition, hearing, or trial (in the form set forth at Attachment A hereto), and shall notify the producing party at least ten (10) days prior to the deposition if it has been unable to obtain that witness's endorsement. Either party may then move the Court for an order allowing the use of confidential materials at a deposition including an order directing that the witness abide by the terms of the protective order, and no confidential document shall be shown to the deponent until the Court has ruled. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form described, and otherwise comply with the provisions in paragraph 5.b. While a deponent is being examined about any confidential materials or the confidential information contained

5

therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present. The parties agree that this provision does not preclude the producing party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or motion.

d.    **Non-Disclosure to Competitors.**    Notwithstanding the foregoing, without express written consent, in no event shall any disclosure of confidential information be made to any competitor of a defendant producing party or to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of or consultant doing research on statin drugs for a competitor of a defendant producing party irrespective of whether such competitor or person is retained as an expert in this action. "Competitor" shall mean any manufacturer of or manufacturer involved in the sale of any statin medication or current employee of such entity.    If a party seeks to disclose confidential information to a Competitor of a producing defendant, the party seeking disclosure shall follow the notice provisions set forth in paragraph 8 below.

e.    **Control of Documents.**    Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this order.    Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

f.    **Storage and Transmission of Documents.**    To avoid security risks currently inherent in certain current technologies and to facilitate compliance with the terms of this Order, and unless the party whose confidential information is at issue agrees otherwise in

writing, and except as set forth immediately below with respect to limited electronic mail communications, all Qualified Persons with access to confidential information shall be and are prohibited from storing or transmitting any confidential information in or via any online or web-based storage location or service, when such storage location or service is managed or maintained by any third-party service provider, including any provider of so-called "cloud computing" services, other than a reputable litigation support service provider with a secure document hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration concerning said documents amongst only authorized counsel and that does not employ so-called "cloud computing" services. Notwithstanding the foregoing provision, a Qualified Person, as defined above, shall not be prohibited from transmitting to any other Qualified Person a reasonably limited number of files containing Confidential Information through electronic mail, as attachments to an electronic mail in the form of separate PDF files (and not as zip files or links to files), as long as the person transmitting the files takes reasonable steps to protect the confidentiality of the files.

g.     **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6.     **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as

7

confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7.    **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8.    **Challenges to Designation as Confidential.** A receiving party may challenge a producing party's confidentiality designation by notifying the producing party, in writing, of its good faith belief that the confidentiality designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within fourteen (14) business days of receiving such a challenge, the basis of the designation. If that does not resolve the dispute over the designation, then either party may apply to the Court for a determination as to whether the designation is appropriate. The burden of proof as to a designation of confidential information rests on the producing party to demonstrate that such designation is proper. Challenges to the

confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Inadvertent Production of Confidential Information.** Inadvertent or mistaken production of any document or information without a designation as confidential information will not be deemed to waive a later claim to its confidential nature or preclude the producing party from designating said document or information as confidential at a later date. A producing party may designate as confidential information or withdraw a confidential information designation from any material that it has produced, provided that such re-designation shall become effective only after such re-designation. Upon such re-designation, the receiving party shall: treat such document or information as re-designated pursuant to the terms of this Order; take reasonable steps to notify any persons known to have possession of such material of such re-designation under this Order; and promptly endeavor to procure all copies of such materials from persons known to have possession of such material who are not entitled to receipt of it pursuant to this Order.

10. **Inadvertent Production of Work-Product or Privileged Material.** Inadvertent or mistaken production of documents or electronically stored information ("ESI") (collectively, "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the producing party shall notify the receiving party in writing as set forth herein. In the event that a party inadvertently or mistakenly produces documents or ESI subject to a claim of privilege, the producing party shall, within ten (10) days of the discovery of the inadvertent or mistaken disclosure, notify the other party in writing of the inadvertent or mistaken disclosure. The producing party may, in the notice, request a "clawback" of the inadvertently or mistakenly disclosed material. The party receiving such clawback notice shall

9

immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the producing party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them unless otherwise ordered by the Court. The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent or mistaken production, move the Court to dispute the claim of privilege.

11. **Treatment on Conclusion of Litigation.**

a. **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (¶ 5.g.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of

return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

12. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

14.    **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed the motion for entry of this Order and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

$\underline{\text{July 3}}$, 2013
Charleston, South Carolina

12

## ATTACHMENT A

## ACKNOWLEDGMENT OF UNDERSTANDING
## AND AGREEMENT TO BE BOUND

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| EVALINA SMALLS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PFIZER INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 2:13-cv-00796-RMG |
| WALTRAUD GINA KANE,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PFIZER INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 2:13-cv-01012-RMG |
| SUSAN MARIE TURNER,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PFIZER INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 2:13-cv-01108-RMG |
| MARGARET A. CLARK,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PFIZER INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 2:13-cv-01164-RMG |

| | | |
|---|---|---|
| BONNIE C. KNIGHT, | ) | Civil Action No. 0:13-cv-01375-RMG |
| | ) | (Columbia Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| BRENDA K. WILLIAMS, | ) | Civil Action No. 8:13-cv-01421-RMG |
| | ) | (Anderson Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| PATRICIA FERNANDEZ, | ) | Civil Action No. 4:13-cv-01423-RMG |
| | ) | (Florence Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| CHRISTINE PAPCUN, | ) | Civil Action No. 4:13-cv-01422-RMG |
| | ) | (Florence Division) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned hereby acknowledges that he or she has read the Confidentiality and Protective Order dated _____, in the above captioned actions, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality and Protective Order and understands that the terms of said Order obligate

2

him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned actions, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

| | |
|---|---|
| Name: | [undersigned name [att A]] |
| Job Title: | [Job Title [att A]] |
| Employer: | [Employer [att A]] |
| Business Address: | [Business Address [att A]] |

Date:  **[date attachment A signed]**                    [Signature [attachment A]]
                                                          Signature

3