IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK CHARLESTON, SC
2014 SEP 10 P 3: 16

| | |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL No. 2:14-mn-02502-RMG <br> ) <br> ) CASE MANAGEMENT ORDER NO. 17 <br> ) <br> ) **This Order relates to cases:** <br> ) 2:14-0488 <br> ) 2:14-0503 <br> ) 2:14-0765 <br> ) 2:14-1222 <br> ) 2:14-1225 <br> ) 2:14-1228 <br> ) 2:14-1280 <br> ) 2:14-1630 <br> ) |

## Defendant's Motion to Dismiss (Dkt. No. 410)

### A. Background

Pfizer moves to dismiss the claims of twenty (20) Plaintiffs with prejudice because Plaintiffs have not complied with their discovery obligations and this Court's Orders. Seven of these Plaintiffs have never served a Plaintiff Fact Sheet in accordance with Case Management Order Nos. 5 & 6, despite repeated requests from Pfizer. (Dkt. No. 410 at 2; Dkt. No. 410-1 at 2). Thirteen other Plaintiffs have never cured material deficiencies in the Plaintiff Facts Sheets, despite repeated follow-up and requests by Pfizer. (Dkt. No. 410 at 2; Dkt. No. 410-1 at 4-5 (listing deficiencies); Dkt. Nos. 410-5 (letter to Plaintiff's counsel delineating deficiencies)).

Plaintiff's counsel has stated an intent to dismiss thirteen of the twenty cases at issue, but Plaintiff's counsel has never filed a motion to dismiss or sought stipulations of dismissal in these cases. (Dkt. No. 410 at 3). Pfizer has reiterated the deficiencies in the remaining seven cases, but the deficiencies have not been cured. (*See* Dkt. No. 410-5). Pfizer filed this motion on

August 12, 2014, and Plaintiffs' responses were due on August 29, 2014. (Dkt. No. 410). None of the Plaintiffs responded. On September 4, 2014, Pfizer filed a reply noting that the deadline for responses had passed and that Plaintiffs had failed to file any response. (Dkt. No. 463). Plaintiffs have still not filed a response to Pfizer's motion. Pursuant to Local Civil Rule 7.06, "[i]f no memorandum in opposition is filed within fourteen (14) days of the date of service, the Court will decide the matter on the record and such oral argument as the movant may be permitted to offer, if any." Local Civil Rule 7.06 D.S.C. Thus, the Court will rely on the record before it.

### B. Legal Standard

A defendant may move to dismiss any claim against it if the plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a Court order. Fed. R. Civ. P. 41(b). The Court may also dismiss an action for failure to obey a discovery order under Fed. R. Civ. P. 37(b)(2). In determining whether dismissal is appropriate, the Court should consider "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). However, these four factors "are not a rigid four-prong test," and "the propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard*, 882 F.2d at 95.

Furthermore, "[r]igid application of these factors is unnecessary if the district court provided an 'explicit and clear' warning that the failure to comply with the order would result in dismissal of the case." *Bailey v. Edwards*, - - - Fed. App'x - - - -, 2014 WL 2211470 at *1 (4th Cir. 2014); *see also Coles v. Northcutt*, - - - Fed. App'x - - - -, 2014 WL 2464392 at *1 (4th Cir.

2014) ("[G]enerally, a district court does not abuse its discretion in dismissing an action when a party fails to comply with a reasonable court order after being warned of the consequences of neglecting the court's direction.").

Courts are given broad discretion in managing an MDL docket with thousands of cases. *See, e.g., In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). Because MDLs were created by Congress to encourage efficiency, "MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *Id.* (internal quotations omitted). Thus, MDL courts have "greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders." *Id.*

## C. Discussion

The Court finds that dismissal with prejudice is warranted under the circumstances here. By Court order, completed Plaintiff Fact Sheets were due in these cases on June 2, 2014. (*See* CMO 5, Dkt. No. 110). In CMO 6, the Court explicitly stated that

> Any Plaintiff who fails to comply with any discovery obligations imposed by CMO 5 or by this Order within the time periods set forth herein — including provision of a PFS or required authorizations and other Mandatory Disclosures — may be subject to having her claims, as well as any derivative claim(s), dismissed if good cause is shown. Good cause shall exist where there is a material deficiency in responding to the required discovery, i.e., one that prejudices Pfizer through a failure to provide necessary information, thereby impeding Pfizer's access to material and relevant evidence.

(Dkt. No. 148 at 6).[1]

The Order goes on to state that when a Plaintiff fails to materially comply with her obligations under CMO 5, Pfizer's counsel must send a notice of the material deficiency to Plaintiff's counsel and allow Plaintiff fourteen days to cure the alleged material deficiency. (*Id.*)

---

[1] Plaintiffs agreed and consented to this Order.

3

If the deficiency is not cured within that time or within an agreed extension, Pfizer may move for dismissal with prejudice, as it has done here. (*Id.*).

At the June 13, 2014 MDL Status Conference, the Court gave Plaintiffs a "drop dead date" of June 18, 2014, to comply with CMO 5. (Dkt. No. 237 at 10). The Court warned that if this deadline was not met, it would consider sanctions, including dismissal. (*Id.* at 12, 16). Nearly three months later, these Plaintiffs have either failed to serve a fact sheet at all or have failed to cure material deficiencies of which they have been repeatedly notified. The deficiencies listed for the Plaintiffs here are basic facts needed for Pfizer to assess the quality of these cases, and failure to provide such information prejudices Pfizer in this litigation. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2009) ("[T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint."); *In re Guidant Corp.*, 496 F.3d at 867 ("Given the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs, we consider the danger of prejudice substantial."). Plaintiffs' delay also impacts the other approximately 4,000 plaintiffs in this litigation "by unfairly diverting the time and attention of the court away from their timely claims to that of [these plaintiffs]." *In re Guidant Corp.*, 496 F.3d at 867.

The information requested should be readily available to Plaintiffs, and Plaintiffs bear responsibility for their failure to adequately supply such information. Plaintiffs have failed to provide such information despite multiple warnings from the Court and follow-up by Pfizer, and *Plaintiffs have provided no reason whatsoever for their failure to comply with this Court's order.*

4

This behavior is at least "a blatant disregard for the deadlines and procedure imposed by the court." *In re Guidant Corp.*, 496 F.3d at 867.

Therefore, the Court finds that dismissal with prejudice is appropriate. *See In re Phenylpropanolamine,* 460 F.3d at 1233-34 (affirming district court's dismissal of actions with prejudice for failure to cure deficiencies in Plaintiff Fact Sheets by the deadlines in the Court's case management order); *In re Guidant Corp.*, 496 F.3d at 867-68 (affirming district court's refusal to set aside dismissal with prejudice for failure to serve Plaintiff Fact Sheets as required by court order).

### D. Conclusion

Pfizer's Motion to Dismiss (Dkt. No. 410) is **GRANTED**. The claims of the following Plaintiffs are **DISMISSED WITH PREJUDICE**:

| Plaintiff | Case No. |
|---|---|
| Brown, Doris | 2:14-0488 |
| Edmundson, Mary | 2:14-0503 |
| Johnson, Gisele | 2:14-0765 |
| Maginsky, Shelia | 2:14-1222 |
| Carter, Audrey<br>Johnson, Domonica<br>Johnson, Santia<br>Laster, Erma<br>Leeks, Marilyn<br>Parker, Dawna<br>Peacock, Rose<br>Pilcher, Ruth | 2:14-1225 |
| Carol, Susan<br>Phifer, Brenda<br>Roberts, Kathy<br>Taylor, Cindy<br>Tipphy, Phyllis<br>Tuttle, Rose Ann | 2:14-1228 |
| Ryan, Doris | 2:14-1280 |
| Paris, Marry | 2:14-1630 |

5

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 10, 2014
Charleston, South Carolina