# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN ALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 2:14-mn-02502-RMG <br><br> CASE MANAGEMENT ORDER NO. 19 <br><br> This Order Relates to All Actions |

## Short Form Complaints

1. CMO 8 states that any Plaintiff who files a claim after the entry of CMO 8 must use the Short Form Complaint and sets deadlines for Plaintiffs whose cases were filed in or transferred to this MDL proceeding prior to CMO 8 to file Short Form Complaints. (CMO 8 at ¶ 4, Dkt. No. 168). However, the Order does not state a deadline for Plaintiffs whose cases are transferred to this MDL proceeding after entry of CMO 8 to file a Short Form Complaint.

2. In any case transferred to this MDL proceeding after entry of CMO 8, Plaintiffs must file a Short Form Complaint as attached to CMO 8 within forty-five (45) days of the date of this Order or within forty-five (45) days of the date the case is transferred to the MDL, whichever is later.

## Amendments to CMO 4 and CMO 6, including Amended Scheduled

3. Based on the parties' joint request and this Court's direction during a Status Conference held on September 19, 2014, the Court hereby amends certain discovery and scheduling provisions set forth in Case Management Order No. 4, Dkt. No. 101, ("CMO 4") and Amended Case Management Order No. 6, Dkt. No. 148, ("CMO 6").

4. Paragraph 41(c) of CMO 4 is amended to provide that, with regard to fact witnesses, absent agreement or a showing of good cause, Plaintiffs may take up to twenty-five (25) fact witness depositions of Pfizer employees and and/or former employees, pursuant to the amended schedule set forth below. The remaining provisions of paragraph 41(c) of CMO 4 remain in effect.

5. Plaintiffs have recently noticed two 30(b)(6) depositions, one related to foreign labeling, which took place on September 25, 2014, and another related to adverse event discovery. Absent agreement or a showing of good cause, Plaintiffs may notice up to two (2) additional 30(b)(6) depositions of Pfizer. The parties shall work cooperatively to reach agreement on the scheduling and scope of such depositions, including with respect to determining whether it is appropriate for the requested 30(b)(6) topics to be addressed in connection with the deposition of a fact witness whose deposition has otherwise been requested.

6. Paragraph 4(j) of CMO 6 is amended to provide that Pfizer may take a total of sixty-five (65) fact witness depositions across the Discovery Pool cases, with no more than six (6) fact witness depositions per case, pursuant to the amended schedule set forth below. Notwithstanding the general limit of sixty-five (65) fact witnesses across the cases, Pfizer may seek to take the deposition of an additional fact witness in a given case (up to a total of six (6) per case) upon a showing of good cause, and Plaintiffs shall not unreasonably withhold agreement to such additional deposition.

7. Paragraphs 4(j) and 4(k) of CMO 6 are amended to provide that Plaintiffs shall not notice or take the depositions of sales representatives in Discovery Pool cases and shall not request additional case-specific discovery from Pfizer in Discovery Pool cases beyond that provided for in the agreed Defendant Fact Sheet. Plaintiffs shall be permitted to seek the

2

depositions of sales representatives in cases selected for trial. Plaintiffs shall also be permitted to seek additional case-specific discovery for cases selected for trial, following a meet and confer about the scope of additional discovery for both sides in any cases selected for trial. Both sides reserve their rights with respect to the discussion of such additional discovery. Any notices or requests for production previously served requesting the depositions of or documents relating to sales representatives in the Discovery Pool case shall be withdrawn. To the extent additional documents relating to a sales representative are to be produced in cases selected for trial, such production shall occur prior to the deposition of the sales representative.

8. The following amended schedule is hereby adopted. In addition, CMO 6 is incorporated herein by reference except as otherwise amended by this Case Management Order:

| Date | Action |
|------|--------|
| Friday, October 3, 2014 | Deadline for Plaintiffs to identify at least twenty (20) fact witnesses (Pfizer employees or former employees) as to whom depositions are requested. |
| Friday, October 24, 2014 | Deadline for completing depositions of Plaintiffs in Discovery Pool cases (other than Plaintiffs bringing consortium claims). |
| Friday, October 31, 2014 | Deadline for Plaintiffs to identify the remaining fact witnesses as to whom depositions are requested (for a total of twenty-five (25)). |
| Friday, December 19, 2014 | Deadline for completing depositions of no less than fifteen (15) fact witness depositions of Pfizer employees or former employees. The parties shall work cooperatively to schedule additional Pfizer witness depositions to take place by this date to the extent practicable. In addition, after this date, Pfizer may take no more than ten (10) fact witness depositions in Discovery Pool cases, to the extent any of the sixty-five (65) depositions remain to be taken. |
| Friday, January 16, 2015 | Deadline for PSC to serve disclosures identifying each expert for whom reports will be served on February 6, 2015, and providing for each such expert a summary of the subject matter on which the expert is expected to testify. |
| Friday, January 23, 2015 | Deadline for completing: initial fact witness depositions in Discovery Pool cases, as provided for in paragraph 4 above (with no more than ten (10) such depositions to be taken between December 19, 2014, and January 23, 2015); the remaining fact witness depositions of Pfizer employees or former employees; and the remaining 30(b)(6) depositions provided for in paragraph 3 above. |
| Wednesday, January 28, 2015 | Deadline for each side to de-designate three (3) Discovery Pool cases from consideration as an initial trial selection. Pfizer may also de-designate any additional cases based on dismissals of Pfizer's Discovery Pool cases by Plaintiffs on or after August 1, 2014. |

4

| Date | Action |
|---|---|
| Friday, January 30, 2015 | The Court will randomly select one of the remaining Discovery Pool cases for the first trial. If the selection is a case selected by the PSC for the Discovery Pool, the Court will randomly select the second case for trial from Pfizer's remaining Discovery Pool cases. If the first random selection is a case selected by Pfizer for the Discovery Pool, the Court will randomly select the second case for trial from the PSC's remaining Discovery Pool cases. |
| Friday, February 6, 2015 | Deadline for PSC to serve general causation and liability expert reports. The PSC shall also provide two (2) deposition dates for each expert between February 16 and April 3, 2015. Plaintiffs' expert in a particular area of expertise will be deposed at least ten (10) days prior to any Pfizer expert in the same area of expertise. |
| Monday, February 9, 2015 | Deadline for the parties to submit a proposed order governing additional case-specific discovery for the first two cases selected for trial. |
| Friday, February 27, 2015 | Deadline for Pfizer to serve general causation and liability expert reports and to provide two (2) deposition dates for each expert between March 9 and April 24, 2015. |
| Friday, April 24, 2015 | Plaintiffs' case-specific expert reports due for first two cases selected for trial, together with two (2) dates for the deposition of each expert to take place between May 4 and June 5, 2015. Plaintiffs' expert in a particular area of expertise will be deposed at least ten (10) days prior to any Pfizer expert in the same area of expertise. |
| Friday, May 15, 2015 | Deadline for completion of additional case-specific discovery (other than expert depositions) for the first two cases selected for trial. |
| Friday, May 15, 2015 | Deadline to file Daubert motions on general causation experts. |
| Friday, May 15, 2015 | Pfizer's case-specific expert reports due for first two cases selected for trial, together with two (2) dates for the deposition of each expert to take place between May 25 and June 26, 2015. |
| Friday, June 12 2015 | Deadline for responses to Daubert motions on general causation experts. |
| Friday, June 26, 2015 | Deadline for reply briefs in support of Daubert motions on general causation experts. |

5

| Date | Action |
|---|---|
| Week of July 6, 2015 (or as otherwise set by the Court) | Hearing on Daubert motions on general causation experts. |
| Friday, July 17, 2015 | Deadline for Daubert motions on case-specific experts and for dispositive motions for the first two cases selected for trial. |
| Thursday, July 23, 2015 | Deadline for the parties to submit joint or competing proposals for pre-trial schedule, including briefing on motions in limine and the exchange of and objections to deposition and exhibit designations. |
| Friday, August 14, 2015 | Deadline for responses to Daubert motions on case-specific experts and dispositive motions for the first two cases selected for trial. |
| Friday, August 28, 2015 | Deadline for replies in support of Daubert motions on case-specific experts and dispositive motions for the first two cases selected for trial. |
| TBD | Hearing on Daubert motions on case-specific experts and dispositive motions for the first two cases selected for trial. |
| Thursday, October 1, 2015 | The first case to be tried shall be subject to being called for jury selection and/or trial on or after this date. |

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 30, 2014
Charleston, South Carolina