IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 2:14-mn-02502-RMG<br><br>CASE MANAGEMENT ORDER NO. 23<br><br>**This Order relates to all actions.** |

## Pfizer's Motion to Quash Plaintiffs' 30(b)(6) Deposition Notice on AER Discovery

1. Pfizer has produced 17,000 Adverse Event Reports (AERs). The parties dispute whether Pfizer should produce underlying source files for some portion of these AERs. In CMO 14, the Court ordered that Pfizer produce source files for 25 AERs, that the parties meet-and-confer about whether further production is warranted, and if the parties cannot reach an agreement that they submit letter briefs to the Court. (CMO 14, Dkt. No. 373). In such letter briefs, Plaintiffs must show the additional probative value added by source file documents, and Pfizer must provide specific information about the burden of producing source file documents. (*Id.* at ¶ 3).

2. Plaintiffs argue that before they can meaningfully meet-and-confer about whether further production is warranted, they need to obtain testimony regarding the burden associated with the production of source file documents. (Dkt. No. 645). Plaintiffs also seek testimony about the burden of producing further extractions from AER databases (the

ARGUS database and legacy databases).[1] Thus, Plaintiffs served a 30(b)(6) deposition notice on such topics. Pfizer has moved to quash the notice, arguing that Plaintiffs' deadline to serve a pharmacovigilance deposition notice under CMO 4 was May 9, 2014, that the notice improperly seeks discovery about discovery, and that discussing its efforts to comply with discovery obligations will necessarily delve into information protected by the work product doctrine and possibly the attorney-client privilege. (Dkt. No. 630).

3. While "meta-discovery" or discovery about discovery "should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*," *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039 at *2 (S.D.N.Y. Sept. 12, 2014), there are instances where it is appropriate. For example, courts have allowed discovery on how the opposing party has searched for responsive ESI. *See Ruiz-Bueno v. Scott*, 2013 WL 6055402 at * 4 (S.D. Ohio Nov. 15, 2013); *McNearney v. Wash. Dept. of Corr.*, 2012 WL 3155099, *6 (W.D.Wash. Aug.2, 2012).

4. Here, the Court finds discovery regarding Pfizer's burden of production is appropriate. In determining whether further discovery is warranted, the Court will be obligated to consider the cumulative nature of any production and the likely benefit of this additional production compared to its burden. *See* Fed. R. Civ. P. 26(b)(2)(C). Thus, it will be helpful for the parties in their meet-and-confer (and if needed, helpful to the Court on briefing), for the parties to understand Pfizer's burden. Therefore, Pfizer's motion to quash is denied.

---

[1] In prior briefing Plaintiffs raised some concerns about the search terms and fields used by Pfizer to identify the 17,000 AERs produced. (Dkt. No. 366). However, neither party raised this issue at the August 4, 2014 telephonic hearing on AER discovery issues, and the parties have not raised it with the Court since that hearing.

2

5. However, the Court is concerned about the potential for questions to cover areas protected by the work product doctrine and the attorney-client privilege. Therefore, the parties will coordinate a deposition date with chambers such that the Court can be available to resolve any such disputes during the deposition.

**Pfizer's Motion to Quash Plaintiff's Deposition Notice of Joseph M. Feczko**

6. Plaintiffs seek to depose Joseph Feczko, M.D., Pfizer's former Chief Medical Officer.[2] Pfizer has moved to quash the notice under the apex doctrine.

7. The Apex doctrine recognizes that "deposition notices directed at an official at the highest level or 'apex' of corporate management . . . creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067 at *3 (N.D. Cal. Jan. 25, 2007). The purpose of the doctrine is to "ensur[e] that the liberal rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs." *Smithfield Bus. Park, LLC v. SLR Int'l. Corp.*, No. 5:12-cv-282, 2014 WL 547078 at * 2 (E.D.N.C. Feb. 10, 2014).

8. The doctrine is based on Fed. R. Civ. P. 26(c), which allows the Court to enter protective orders to protect a party or person from "annoyance" and "undue burden or expense," as well as Fed. R. Civ. P. 26(b)(2)(C), which requires the Court to limit discovery that is "unreasonably duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Most courts applying the doctrine have required that, before deposing a corporate defendant's high ranking officer, "the plaintiff must show (1) the executive has unique or special knowledge of the facts at issue and (2)

---

[2] Dr. Feczko is now retired.

other less burdensome avenues for obtaining the information sought have been exhausted." *See, e.g., Smithfield Bus*, 2014 WL 547078 at *2 (citing cases) (internal quotations omitted).

9. Because an MDL consolidates discovery for a large number of cases, the concerns underlying the apex doctrine are lessened in the MDL context. *See In re: C.R. Bard Inc. Pelvic Repari Sys. Prod. Liab. Litig.*, No. 2:10-md-2187, Dkt. No. 956 at 12 (S.D.W.Va. June 30, 2014) ("The rationale behind the apex doctrine is that, without the required showing, high-level executives will be exposed to repetitive, abusive, and harassing depositions. That concern is not present here."); *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002) (holding that the court was "unwilling . . . to require rigid adherence to the burdens imposed" by the apex doctrine where knowledge at the highest corporate levels may be relevant and the coordinated deposition procedures in an MDL "discourage numerous, repetitive, harassing or abusive depositions"). Here, Dr. Feczko will be deposed once for use in the approximately 1,300 cases involving approximately 4,000 plaintiffs in this MDL. He will not be subject to thousands of depositions by individual plaintiffs.

10. Furthermore, Plaintiffs have put forward evidence that Dr. Feczko may have personal knowledge relevant to this case, (*see* Dkt. No. 639 at 5-6), and knowledge, or lack thereof, at the highest corporate levels may be relevant to punitive damages. *See* S.C. Code Ann. § 15-32-520 (E) (listing the defendant's awareness as a relevant factor in punitive damages).

11. Therefore, the Court denies Pfizer's motion to quash.

## Plaintiff Hempstead's Motion for Leave to File an Amended Short Form Complaint (Dkt. No. 581)

12. Hempstead is the Plaintiff in one of the 14 Discovery Pool cases. She wishes to amend her complaint to add a loss of consortium claim. (Dkt. No. 638). Plaintiff does not oppose having her deposition re-opened for questioning with regard to the loss of consortium claim. (Dkt. No. 646 at 1). With this concession, Pfizer stated that it no longer objected to the motion to amend at the November 13, 2014 Status Conference.

13. Therefore, the Court GRANTS Plaintiff's motion to amend (Dtk. No. 581). Plaintiff Hempstead must file an amended short form complaint within five (5) days of the date of this Order. IT IS FURTHER ORDERED that Plaintiff Hempstead's deposition may be re-opened for the purpose of questioning her with regard to the loss of consortium claim.

## Motions to Stay Discovery (Dkt. Nos. 572, 594)

14. Plaintiffs have moved to stay discovery in certain cases where motions to remand are pending. (Dkt. Nos. 572, 594). Pfizer does not oppose a stay as to general discovery, including the completion of Plaintiff Fact Sheets, but asks that the Plaintiffs not be exempt from participation in the depositions of common witnesses and that it be allowed to request jurisdictional discovery should the Court's ruling on Plaintiffs' motions to remand render it necessary. (Dkt. No. 628).

15. For good cause shown, the Court **GRANTS IN PART** Plaintiffs' motions. Except for the depositions of common witnesses, general discovery, including the completion of Plaintiff Fact Sheets, is **STAYED** in the following cases until resolution of the motions to remand:

*Sehovic, et. al. v. Pfizer, Inc., et. al.*, Case No. 2:14-cv-3254

*Scott, et. al. v. Pfizer, Inc., et. al.*, Case No. 2:14-cv-3894

*Bradley, et. al. v. Pfizer, Inc., et. al.*, Case No. 2:14-cv-4060

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 13, 2014
Charleston, South Carolina