IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) MDL No. 2:14-mn-02502-RMG<br><br>This Document Relates to All Actions |

**PFIZER INC.'S MOTION TO STRIKE PLAINTIFFS'
NOVEMBER 19, 2015 LETTER BRIEF**

Defendant Pfizer Inc. ("Pfizer") respectfully moves to strike the 22-page letter brief Plaintiffs filed on November 19, 2015 [Dkt. 1256], without leave or notice. Plaintiffs' letter requests that this Court reconsider a ruling related to Prof. Jewell that the Court has not even issued. Plaintiffs' letter violates the applicable Case Management Orders, the Local Rules, and the letter and spirit of the *Daubert* process and schedule that this Court has adopted and to which it has devoted substantial time and resources. It also seeks to circumvent this Court's prior unequivocal direction to Plaintiffs that they should not submit additional argument involving Prof. Jewell's ASCOT and NDA re-analyses. Pfizer respectfully requests that the Court strike the letter brief from the record and admonish Plaintiffs to follow this Court's Orders and Rules.[1]

**ARGUMENT**

First, Plaintiffs' letter brief violates the requirements set forth in Case Management Order ("CMO") No. 4 that "all motions and briefs shall conform to Local Civil Rules 7.04-7.07 DSC," except as otherwise provided in CMO 4, and that "[a]ll counsel must comply with Local Civil Rule 7.02 DSC when filing motions." CMO 4 ¶ 23. Although CMO 4 provides a process under which the parties may submit discovery disputes to the Court through a letter of no more than seven pages, Plaintiffs' letter does not concern a discovery dispute or otherwise conform to that

---

[1] A full explanation of this motion is provided in the supporting memorandum herein.

provision. Nor does Plaintiffs' letter satisfy the requirements of the applicable Local Civil Rules. Plaintiffs' counsel did not comply with their duty to consult with Pfizer's counsel under Local Rule 7.02. Plaintiffs' letter also fails to follow the form required for motions and briefing under Local Rule 7.05. Plaintiffs do not even attempt to cite any new development or emergent basis for their failure to follow the relevant CMOs and Rules or to seek prior leave from the Court. Their letter motion comprises more than 21 pages of argument and attempts to defend and bolster Prof. Jewell's opinions. It was likely prepared over a number of days and with Prof. Jewell's input and assistance. As courts have recognized, "'litigation by letter,' although common, is an insufficient means of seeking relief from a court." *Peart v. City of New York*, 992 F.2d 458, 463 (2d Cir. 1993) (citation omitted).

Second, Plaintiffs' letter brief amounts to an inappropriate motion for reconsideration, made before this Court has even issued its written opinion on Prof. Jewell, and an improper and untimely attempt to unilaterally re-argue their opposition to Pfizer's motion to exclude Prof. Jewell. This Court already allowed Plaintiffs to supplement Prof. Jewell's report and provided for extensive briefing and argument on the admissibility of his opinions. After the two-day *Daubert* hearing in September, the Court made clear on several occasions that it did not need or want to hear additional argument related to Prof. Jewell's opinions. Before the hearing on October 22, 2015, the Court declined Plaintiffs' counsel's offer to make Prof. Jewell available for the hearing, and it advised that the Court did not intend to hear additional oral argument on Pfizer's motion to exclude Prof. Jewell. Likewise, during the hearing on October 22, Plaintiffs requested, and the Court denied, additional argument on Prof. Jewell:

> MR. TANENBAUM: … The one thing that we would like the opportunity to present on is Dr. Jewell. And --
>
> THE COURT: We're not rearguing Dr. Jewell. We're not doing it. I've done it. I've given y'all more than enough opportunity, and we're not relitigating Dr. Jewell.
>
> MR. TANENBAUM: All right.
>
> THE COURT: I've heard enough.

2

Oct. 22, 2015 Hr'g Tr. at 48:6-12. After the hearing, the Court issued CMO 49, in which it stated that it intends to issue a separate opinion excluding Prof. Jewell's re-analysis of ASCOT data and analysis of NDA data. CMO 49 at 12. Plaintiffs' letter brief seeks to circumvent that Order and interfere with the Court's efforts to resolve the various *Daubert* issues and motions through an orderly and Court-directed process.

In CMO 49, this Court also provided Plaintiffs with significant relief in the form of an opportunity to supplement the expert record with new reports focused on dosage. Plaintiffs then requested and received an extended period of time to prepare those supplemental reports. The Court has not, however, given Plaintiffs or their counsel license to violate the Rules or endlessly and repeatedly regurgitate arguments in multiple duplicative filings. Yet, Plaintiffs have sought to use the additional time this Court provided Plaintiffs to further develop the record before the Court resolved certain *Daubert* issues to re-litigate separate issues of Plaintiffs' own choosing through unsolicited letter briefing. This Court made clear that it expects the parties to use this additional time to address the dose questions it identified in CMO 49, and it set forth a specific scope and schedule for the supplemental *Daubert* briefing it has requested. Plaintiffs' lengthy supplemental letter brief on an expert and issues as to which the Court expressly declined to allow additional argument is an insult to the time and attention the Court has dedicated to this litigation and Plaintiffs' expert evidence.

After receiving Plaintiffs' letter, Pfizer's counsel contacted Plaintiffs' counsel and asked that they withdraw it and advised that if they did not, Pfizer would move to strike. Plaintiffs' counsel have declined to withdraw their letter.

## CONCLUSION

For the foregoing reasons, Pfizer respectfully requests that this Court strike Plaintiffs' letter and admonish their counsel to follow this Court's Orders and the Rules.

DATED: November 19, 2015

By: /s/ Mark S. Cheffo
Mark S. Cheffo

3

Sheila L. Birnbaum
Rachel Passaretti-Wu
Mara Cusker Gonzalez
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
MarkCheffo@quinnemanuel.com
SheilaBirnbaum@quinnemanuel.com
RachelPassarettiWu@quinnemanuel.com
MaraCuskerGonzalez@quinnemanuel.com

Michael T. Cole
Nelson Mullins Riley & Scarborough LLP
151 Meeting Street/Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700
mike.cole@nelsonmullins.com

David E. Dukes
J. Mark Jones
Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
david.dukes@nelsonmullins.com
mark.jones@nelsonmullins.com
amanda.kitts@nelsonmullins.com
*Counsel for Defendant Pfizer Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, this 19th day of November, 2015, I have electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

<u>/s/ Mark S. Cheffo</u>
Mark S. Cheffo
