# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | **MDL No. 2:14-mn-02502-RMG** <br><br> **CASE MANAGEMENT ORDER NO. 59** <br><br> **This Order relates to all cases.**[1] |

## Plaintiffs' Motion to Overrule Pfizer's Authenticity and

## Business Record Objections (Dkt. No. 1207)

At issue in this motion are emails and email attachments found in the custodial files of Pfizer's employees. (Dkt. No. 1207 at 2). Plaintiffs request that the Court rule all such emails are business records that satisfy Fed. R. Evid. 803(6). (Dkt. No. 1207). Plaintiffs' request is denied.

"An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule." *United States v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013). "While properly authenticated e-mails may be admitted into evidence under the business records exception, it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then *ergo* all those e-mails are business records falling within the ambit of Rule 803(6)(B)." *Id.* Admissibility issues regarding emails generally concern whether the email "was kept in the course of a regularly conducted activity of a business" and whether "making the record was a regular practice of that activity." Fed. R. Evid.

---

[1] While this motion was originally filed in the context of the first case set for trial, *Daniels v. Pfizer*, 2:14-cv-1400, the Court's ruling is instructive for all cases that may come to trial before this Court.

803(6)(B), (C); *see, e.g., Brown v. Novartis Pharm. Corp.*, 2012 WL 3066588 at \*13 (E.D.N.C. July 27, 2012) (excluding emails for failure to meet these two requirements). As one treatise explains, most emails "more closely resembles informal notes or telephone messages, and these mechanisms are not the usual means of producing routine records." Christopher Mueller & Laird Kirkpatrick, 4 Federal Evidence § 8:79 (4th ed. 2014). Thus, "[u]nless email were adapted to permanent and more systematic recordkeeping purposes, the content of email messages will continue to fail the 'regular practice' requirement." *Id.* Stating that emails were kept as a "'a regular operation of the business' is simply insufficient on that basis alone to establish a foundation for admission under Rule 803(6)(B)." *Crone*, 714 F.3d at 220. To properly authenticate a document under the rule, a witness must do more than "simply parrot the elements of the business record exception to the hearsay rule, Rule 803(6)." *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 545-46 (D. Md. 2007).

For example, another judge of this Court admitted particular emails as business records in *DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764 (D.S.C. 2004). The emails at issue in that case were orders for certain electronic devices, and testimony established that the company "regularly received orders by e-mail and systematically retained the emails as a record of the order." *Id.* at 767, 772. Thus, these particular emails were not "informal notes," but were used for "permanent and more systematic recordkeeping purposes."

While the emails at issue may possibly be business records, a proper foundation has not been made at this time, and the Court notes that emails are frequently *not* business records within the meaning of Rule 803(6). Therefore, the Plaintiffs' request for a blanket ruling that all Pfizer emails are business records is denied. However, this ruling does not mean that the emails are inadmissible at trial. A proper foundation may be laid at trial for the business records exception,

2

another hearsay exception may apply, or they may be the statement of a party opponent, which is by definition not hearsay. *See* Fed. R. Civ. P. 801.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December __17__, 2015
Charleston, South Carolina