## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 2:14-mn-02502-RMG<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS |

### DEFENDANT PFIZER'S REPLY TO PLAINTIFFS' MEMORANDA IN OPPOSITION TO DEFENDANT'S BILLS OF COSTS

Pfizer respectfully submits this reply in response to the memoranda in opposition to its bills of costs filed by the Plaintiffs' Steering Committee (Dkt. 1872), Plaintiff Hempstead (Dkt. 1873), and Plaintiff Culpepper (Dkt. 124 in 2:14-cv-01879).  Plaintiffs' memoranda do not provide grounds either to deny Pfizer's request for costs or to reduce its amount.  Rule 54(d)(1) presumes a mandatory award of costs absent court order.  "[C]osts other than attorneys' fees *shall* be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1) (emphasis added).  Thus, the Fourth Circuit has held, "the rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  Liability for costs is "a normal incident of defeat," *Delta Air Lines. Inc. v. August*, 450 U.S. 346, 352 (1982), and awarding them is the "normal practice" in federal civil litigation. *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line. Inc*., 899 F.2d 291, 296 (4th Cir. 1990).

Conversely, federal appellate courts have held that denial of costs "is in the nature of a penalty for some defection" by the prevailing party, *Smith v. Southeastern Perm. Transp. Auth*., 47 F.3d 97, 99 (3d Cir. 1995) (quotations omitted), and is generally proper only if there is "[m]isconduct on the part of the prevailing party" or some other factor that "render[s] a case

'extraordinary.'" *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000); *accord Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) ("[T]here must be some apparent reason to penalize the prevailing party if costs are to be denied."). Plaintiffs do not even attempt to show that Pfizer has engaged in any improper conduct that would warrant penalizing Pfizer with a denial of the award of costs to which it is presumptively entitled. The Court should therefore enter Pfizer's requested award of costs.

### A.    This Case Was Not So "Close and Difficult" as to Warrant Denial of Costs

Plaintiffs rely on an unpublished Fourth Circuit disposition in *Ellis v. Grant Thornton LLP*, 434 F. App'x 232 (4th Cir. 2011), to contend that the purported closeness and difficulty of this case warrants a denial of costs. (Dkt. 1872 at 6-7.) Initially, the closeness and difficulty of issues raised in a case is not, by itself, sufficient to overcome the presumption favoring the award of costs to the prevailing party. *Virginia Panel Corp. v. MAC Panel Co.,* 203 F.R.D. 236, 238 (W.D. Va. 2001). More important, however, Plaintiffs omit to mention that *Ellis* upheld the denial of costs in a close case that included a month-long bench trial. 434 F. App'x at 235; *see also Grochowski v. Sci. Applications Int'l Corp.*, 2017 WL 121743, at *4 (D. Md. 2017).[1]

This litigation involved the dismissal, before a single trial took place, of thousands of cases due to Plaintiffs' failure to proffer admissible evidence of general and/or specific causation. The Fourth Circuit affirmed this Court's summary judgment and evidentiary rulings in their entirety. *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig.*, 892 F.3d 624 (4th

---

[1] Even where products-liability actions have made it to trial, courts have found that the issues raised were not sufficiently close and difficult to deny costs. *See Earp v. Novartis Pharmaceuticals Corp.*, 2014 WL 4105678, at *5 (E.D.N.C. 2014) (seven-day trial in a products-liability action was not sufficiently close and difficult to warrant the denial of costs); *Phillips v. Morbark, Inc.*, 519 F. Supp. 2d 598, 601 (D.S.C. 2007) (products-liability case involving a wood grinder was not close and difficult, despite the "fact that [the] case was submitted to the jury").

Cir. 2018). A "case resolved via summary judgment [rather than trial] generally does not involve close or difficult issues that justify not awarding costs." *Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, 2012 WL 776945, at *3 (E.D.N.C. 2012); *accord Washington v. Kroger Ltd. P'ship I*, 2013 WL 439851, at *3 (W.D. Va. 2013); *see also Arthur v. Pet Dairy*, 2013 WL 6228732, at *3 (W.D. Va. 2013).

The volume of cases in this MDL and resolved by this Court's summary judgment orders does not warrant a different result. An extensive evidentiary and procedural record does not weigh against the presumptive award of costs where, as here, the length of proceedings and dispositive orders was due to "the breadth of Plaintiff's uniformly unsuccessful claims, and the novelty and shifting nature of a number of Plaintiff's legal theories and arguments." *Irani v. Palmetto Health*, 2016 WL 3922329, at *3 (D.S.C. 2016); *accord Grochowski*, 2017 WL 121743, at *4.

### B.    The Fourth Circuit Does Not Require Apportionment of Costs

Plaintiffs contend that Pfizer's submission is deficient because it does not apportion costs between the various Plaintiffs whose cases were dismissed by the Court's summary judgment orders. Initially, this is simply not correct, since Pfizer's bills of costs contain extensive information regarding Plaintiff-specific costs, as well as information on general common costs of the MDL litigation. More important, however, it is not Pfizer's burden to apportion costs. Rather, as the Federal Circuit has explained, although "the district court has discretion to apportion payment of jointly incurred costs among the losing parties," "the default rule [is] that the losing parties are ***jointly and severally liable for costs***." *Ortho-McNeil Pharmaceutical, Inc. v. Mylan Laboratories Inc.*, 569 F.3d 1353, 1357 (Fed. Cir. 2009) (emphasis added). This principle is widely acknowledged by the courts of appeals and leading treatises. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000); *White v. Sundstrand Corp.*, 256 F.3d 580, 587 (7th Cir. 2001); *Anderson v. Griffin*, 397 F.3d 515, 522–23 (7th Cir.2005); *Concord Boat Corp. v.*

*Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002); *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018); *State Farm Fire & Cas. Co. v. Silver Star Health and Rehab*, 739 F.3d 579, 586 (11th Cir. 2013); *accord* 10 James Wm. Moore, Moore's Federal Practice § 54.101[4] (3d ed. 2008).

Thus, it is Plaintiffs, not Pfizer, who have the burden of apportioning costs in these matters. Critically, Pfizer's submission provided Plaintiffs the information necessary for them to conduct such an apportionment, but they declined to do so. Nevertheless, even though Plaintiffs have not attempted to meet their burden, Pfizer does not object to the apportionment of the MDL bills of costs among the subject Plaintiffs. All Plaintiffs in the MDL sought to benefit from both the common discovery conducted and the case-specific work-ups in trial cases, and a pro rata share of the total amount of costs would amount to approximately $175.00 per Plaintiff based on Plaintiffs' statement that 2,736 Plaintiffs are at issue on the bills of costs. (Dkt. 1872 at 1.)[2] Pfizer submits that this per-Plaintiff award would also reasonably address the allocation concerns raised by Plaintiff Culpepper. Alternatively, the separate general costs information (such as for company witness deposition transcripts and hearings) and plaintiff-specific information (such as per-Plaintiff medical record and deposition costs) that Pfizer has provided would allow Plaintiffs to calculate a per-Plaintiff share of the general costs if they prefer.

### C.    Plaintiffs Have Not Shown Inability to Pay

Plaintiffs' contention that an award of costs "*could* be crippling for *some* plaintiffs in the MDL" does not overcome the presumption in favor of awarding costs to the prevailing party. (Dkt. 1872 at 5 (emphasis added).) In the Fourth Circuit, a non-prevailing party will not be excused from paying costs merely because the party is of "modest means." *Cherry v. Champion Intern.*

---

[2] Pfizer understands the number of Plaintiffs whose cases were subject to summary judgment is approximately 3,100, which would lead to a per-Plaintiff award of approximately $154.00.

*Corp.*, 186 F.3d 442, 447 (4th Cir. 1999).  Rather, for a hardship denial, the Fourth Circuit has required documentary evidence of financial hardship so severe that it would be "unjust" or "inequitable" to require it to pay.  *Id.*; *see also Wyne v. Medo Industries, Inc.*, 329 F. Supp. 2d 584, 588 (D. Md. 2004) (citing *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000)); *Morgan v. Wells Fargo Bank, Nat. Ass'n*, 2014 WL 1820149, at *1 (W.D. Va. 2014).  Thus, in *Cherry*, the Fourth Circuit required the non-prevailing Title VII plaintiff to pay defendant's costs—even though she was unemployed and had no independent income or property—because she was receiving financial support from her husband and had received $30,000 from her 401(k) several years earlier.  186 F.3d at 447.  The Court reasoned that if the plaintiff had "sufficient money to satisfy her personal needs" and purchase "discretionary items such as a truck and motorcycles[,]" she was likewise able to pay the defendant's costs.  *Id.*

The same result is warranted here.  The generalized and unsubstantiated statements of the Plaintiffs' Steering Committee that "some plaintiffs" may be unable to pay are insufficient to overcome the presumption in favor of costs.  Nor does Plaintiff Juanita Hempstead's two-page declaration provide sufficient quantifiable evidence of her financial condition that would permit the Court to find hardship under Fourth Circuit law.  Plaintiffs' request for the Court to deny costs due to hardship, especially given the reasonable proposed per-Plaintiff share, should be rejected.

### D.    Pfizer's Costs Are Not Excessive for Thousands of Cases in an MDL

While the complexity of these cases is not a ground for denying costs under Fourth Circuit law as set forth above, it does justify the substantial costs that Pfizer incurred in its defense.  Indeed, to develop its defenses, it was reasonably necessary for Pfizer to take depositions of multiple expert witnesses, work up and prepare more than a dozen individual cases for trial, and conduct records collection and analysis of the large volume of non-trial cases pending in the MDL.  *See LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).  There

is no merit to Plaintiffs' contention that it was not reasonable for Pfizer to incur costs authorized by statute in defending against the thousands of cases filed against it, including by building a factual and expert record and securing favorable *Daubert* and summary judgment decisions.

*First*, there is no merit to Plaintiffs' complaint that the costs taxed to Plaintiff Hempstead will improperly put a "chilling effect" on participation as potential trial or "bellwether" Plaintiffs. (*See* Dkt. 1872 at 6.)  All of the Plaintiffs in this litigation voluntarily filed these cases and all should presumably have wanted to have their cases among the first tried.  Their counsel would surely have advised them both of the potential benefits of proceeding to and prevailing at trial and the potential risk of costs in the event of a judgment for the defense.  That a Plaintiff agreed to become a part of a group of potential first trial plaintiffs should not relieve her of the obligations that go along with any litigation, including discovery costs and the potential that her adversary will be the prevailing party and entitled to seek statutory costs.

*Second*, Plaintiffs' claim that Pfizer's submission is defective because it provides summaries of invoices rather than actual invoices ignores the highly detailed nature of Pfizer's submission and its appropriate and long-standing offer to provide any and all supporting documentation rather than burden the Court with such a voluminous filing in the first instance. (Dkt. 1850-1 at 1.)  Pfizer made this offer to Plaintiffs both before and after its appeal to the Fourth Circuit.  Yet Plaintiffs never requested the opportunity to review any of those invoices.  Had they done so, they would have been able to see, for example, the invoice supporting the medical records charge for Plaintiff Knight that they claim is not supported.[3]  Plaintiffs cannot now complain that

---

[3] Plaintiffs claim that Pfizer's bill of costs wrongly charges $1,253.69 in costs for medical records for Bonnie Knight because it is not reflected on the website of medical records vendor Marker Group.  (Dkt. 1872 at 14.)  The cost of collecting these records is reflected in an invoice from a different vendor, MRC, before Marker Group was designated for subsequent collections in the MDL.  Plaintiffs could easily have asked for that documentation at any time.

the legitimacy of an award of costs depends upon Pfizer offering to provide upon request, rather than filing *en masse*, voluminous invoices.

*Third*, Plaintiffs claim with the benefit of hindsight that because these cases were all dismissed on summary judgment, it was unnecessary for Pfizer to collect medical records in non-trial pool cases. (Dkt. 1872 at 13.) They say that "[t]he non-trial pool cases did not stand a chance of going to trial for years – if they ever went to trial at all," and that Pfizer could have simply served preservation letters on medical providers to prevent spoliation of records. (*Id.*) This objection too is without merit. The non-trial pool cases were also subject to Plaintiff Fact Sheet and medical records discovery (*see* CMO 5, Dkt. 110), and it was fully appropriate for Pfizer to collect and review medical records pursuant to the authorizations *provided by Plaintiffs*. Indeed, it was that discovery that facilitated Pfizer's selection of discovery and trial pool cases and was intended to allow the parties to begin to prepare the cases through the pretrial stage. Plaintiffs' contention that it was not reasonable for Pfizer to obtain records and develop case-specific defenses to these claims because it ultimately prevailed on general grounds does not withstand scrutiny.[4]

*Fourth*, and finally, Plaintiffs contend it was unreasonable for Pfizer to order rough transcripts of depositions as a general practice because the time between depositions in particular cases should have warranted waiting on final transcripts. (Dkt. 1872 at 11.) Once again, Plaintiffs'

---

[4] Nor can Plaintiffs support their contentions that it was "not reasonably necessary" to collect records from certain healthcare providers. (Dkt. 1872 at 14.) Plaintiffs provided broad medical authorizations pursuant to the Court's order and also had the ability under that order to object to the collection from certain providers to the extent the provider was not specifically identified by Plaintiff. (*See* Amended CMO 6, Dkt. 148, para. 2.) To the extent a Plaintiff did not object pursuant to that procedure, the records were collected and made available to both sides. Plaintiffs' claims that their prescription and use of Lipitor caused them to develop diabetes, a chronic disease with many risk factors, and their broad claims of personal injury and negative impacts on their physical wellbeing and quality of life necessarily implicated their health and medical histories and supported discovery from their various healthcare providers.

objections ignore the reality of this litigation, which progressed on an expedited discovery schedule, in part at Plaintiffs' urging. Given the need to promptly depose plaintiffs, physicians, company witnesses, general experts, and case-specific experts in quick succession and prepare briefing and other pretrial materials based on those depositions, the schedule and relation of each of those depositions to one another and ongoing preparation of Pfizer's defenses necessitated prompt review and circulation of testimony, even in draft form. Rough transcripts were thus "reasonably necessary," and Plaintiffs' objections should be dismissed. *LaVay*, 830 F.2d at 528.

## **CONCLUSION**

For the foregoing reasons and those set forth in Pfizer's materials accompanying its bills of costs, Pfizer's request for costs should be approved.

Dated:          October 4, 2018

Respectfully submitted,

/s/ Mark S. Cheffo
Mark S. Cheffo
Mara Cusker Gonzalez
Lincoln Davis Wilson
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
mark.cheffo@dechert.com
maracusker.gonzalez@dechert.com
lincoln.wilson@dechert.com

Michael T. Cole
Nelson Mullins Riley & Scarborough LLP
151 Meeting Street/Sixth Floor
Post Office Box 1806 (29402-1806)
Charleston, SC 29401
Tel: (843) 853-5200
Fax: (843) 722-8700
mike.cole@nelsonmullins.com

David E. Dukes
J. Mark Jones
Amanda S. Kitts
Nelson Mullins Riley & Scarborough LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
Tel: (803) 799-2000
Fax: (803) 256-7500
david.dukes@nelsonmullins.com
mark.jones@nelsonmullins.com
amanda.kitts@nelsonmullins.com

*Attorneys for Defendant Pfizer Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, this 4th day of October 2018, I have electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

<u>/s/ Mark S. Cheffo</u>
Mark S. Cheffo
