**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 2:14-mn-02502-RMG

**ORDER**

Before the Court are Bills of Cost filed on behalf of Defendant Pfizer Inc. (Dkt. Nos. 1867, 1868, 1869.)[1] Pfizer Inc. seeks taxation of costs totaling $477,728.16 pursuant to Federal Rule of Civil Procedure 54 following the disposition of this multi-district litigation on summary judgment in favor of Pfizer Inc. The Plaintiffs' Steering Committee ("Plaintiffs") filed objections to the Bills of Cost (Dkt. No. 1872), as did Plaintiff Hempstead (Dkt. No. 1873) and Plaintiff Culpepper (2:14-cv-1879-RMG, Dkt. No. 124). Pfizer Inc. filed a reply to all objections. (Dkt. No. 1877.)

For the reasons set forth below, the Court awards costs in the amount of $470,344.16 to Pfizer Inc. to be apportioned evenly among Plaintiffs.

## I. Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (internal quotation omitted). Specifically, Rule 54(d)(1) costs are limited to:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

[1] All docket entry citations reference 2:14-mn-2502-RMG unless otherwise noted.

(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## II. Discussion

### A. Pfizer Inc. is Entitled to An Award of Costs.

Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "However, despite the presumption, the district court has significant discretion in awarding costs to the prevailing party." *Greaser v. Missouri*, 145 F.3d 979, 985 (8th Cir. 1998). If the district court exercises its discretion to deny an award of costs, the court "may not depart from the 'normal practice' of awarding fees to the prevailing party without first articulating some good reason for doing so." *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990). "In essence, the reason [to deny costs] must be that there would be an element of injustice in a presumptive cost award." *U.S. Bank Trust Nat. Ass'n v. Venice MD LLC*, 92 Fed. Appx. 948, 956 (4th Cir. 2004).

"Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Ellis v. Grant Thornton LLP*, 434 Fed. Appx. 232, 235 (4th Cir. 2011) (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 Fed. Appx. at 235.

"Although the losing party's good faith in pursuing an action is a 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Cherry*, 186 F.3d at 446 (quoting *Teague*, 35 F.3d at 996).

The Court, therefore, now carefully considers Plaintiffs' objections to the Bills of Cost against the presumption that an award of costs is warranted. Specifically, Plaintiffs raise three *Ellis* factors in their objections to the Bills of Cost. First, Plaintiffs contend that individual Plaintiffs are unable to pay costs because they are generally elderly women living on fixed-incomes and a potential "bill of several thousand dollars could be crippling for some plaintiffs." (Dkt. No. 1872 at 5.) The Court may decline to impose an award of costs where, when "[e]valuated objectively," the losing party is "of such modest means that it would be unjust or inequitable to enforce Rule 54(d)(1)." *Cherry*, 186 F.3d at 447. Here, were the costs allocated evenly among Plaintiffs to approximately $172 per Plaintiff, as discussed below, the potential financial burden on each Plaintiff is not so unjust or inequitable to rebut the presumption of costs. Moreover, Plaintiffs have not demonstrated an inability to pay apportioned costs. *See Merritt v. Old Dominion Freight Line, Inc.*, 2009 WL 1362378, at *2 (W.D. Va. May 15, 2009) (declining to award costs where plaintiff "presented substantial evidence of her inability to pay the costs claimed by the Defendant"); *see also Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, 2016 WL 427101, at *3 (N.D. W.Va. Feb. 3, 2016) (noting that "indigency, standing alone, generally is not enough to excuse payment of the bill of costs") (citing *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir. 1981)).

Next, Plaintiffs object to the Bills of Cost as excessive for including costs that were "not [ ] reasonably necessary at the time they were incurred," such as rough draft deposition

transcripts and medical records in non-trial pool cases. (Dkt. No. 1872 at 6.) 28 U.S.C. § 1920(2) permits the taxing as costs of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Because section 1920(2) does not make explicit which costs associated with depositions are "necessarily obtained for use in the case," the Court inquires whether the cost was "reasonably incurred for trial preparation or for use at trial, rather than for the mere convenience of counsel." *Cherry*, 186 F.3d at 449 (quoting *Morrison v. Reichold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996)). Under this analysis, the Fourth Circuit has held that deposition transcripts are taxable. *See, e.g.*, *Cherry*, 186 F.3d at 448; *see also Irani v. Palmetto Health*, 2016 WL 3922329, at *3 (D.S.C. July 21, 2016) (awarding costs for depositions taken and defended to defendant that prevailed on summary judgment). More specifically, ordering rough draft deposition transcripts immediately following a deposition, rather than waiting for final transcripts, is generally routine practice and, moreover, is particularly necessary in a complex multi-district litigation where counsel must continuously review the evidence to prepare trial, potential negotiations and future discovery strategy. Plaintiff Hempstead objects to a $7,384.00 award of costs for videotaping depositions. (Dkt. No. 1873 at 6-7.) The prevailing party generally may not recover costs for a deposition video where the deposition was also transcribed. *See Cherry*, 186 F.3d at 449 (awarding cost of deposition transcript and not both transcript and videotape because "we believe that unless Champion demonstrates that both costs were 'necessarily obtained for use in the case,' 28 U.S.C. § 1920(2), only its transcription costs are recoverable"). Pfizer Inc. has not made a specific showing that videotaping the depositions, in addition to transcribing the testimony, was necessary to the case. Accordingly, the Court deducts the $7,384.00 costs of videotaping depositions from the $477,728.16 award sought.

Plaintiffs' objection to an award of costs for medical records in non-trial pool cases is warrants a similar analysis. (Dkt. No. 1872 at 6.) 28 U.S.C. § 1920(4) permits taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This encompasses discovery-related costs and is not limited only to "materials attached to dispositive motions or produced at trial." *Cnty. Vinter of N.C., LLC v. E&J Gallo Winery, Inc.*, 718 F.3d 249, 257-58 (4th Cir. 2013). Costs of copying medical records from medical providers are routinely awarded as "necessarily obtained." *See, e.g., Wilcoxson v. Painter*, No. 5:13-CV-732-FL, 2016 WL 2858813, at *2 (E.D.N.C. May 16, 2016); *Eberhart v. Novartis Pharm. Corp.*, 282 F.R.D. 697, 701 (N.D. Ga. 2012); *Lawson v. Bethesda Lutheran Cmtys., Inc.*, No. 1:11-CV-228, 2012 WL 672544, at *2-3 (N.D. Ind. Dec. 28, 2012).

Last, Plaintiffs object to the Bills of Cost because this litigation was "close and difficult." (Dkt. No. 1872 at 6.) A case is "close and difficult" where it is "hotly contested at trial" and the "legal issues in the case were not [ ] clear cut," *Ellis*, 434 Fed. Appx. at 235, or where "the prevailing party's recovery is so small that the prevailing party is victorious in name only." *Teague*, 35 F.3d at 996. None of these circumstances are present in this litigation. Here, Plaintiffs failed to demonstrate through discovery that Lipitor generally and specifically caused the Plaintiffs' diabetes. (Dkt. Nos. 1790, 1791, 1796, 1797.)

Pfizer Inc. is, moreover, "the prevailing party" within the meaning of Rule 54. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). A party need not obtain relief on the merits to be entitled to an award of costs. *See, e.g., P.R. Chunk, Inc. v. Martin Marietta Materials, Inc.*, 170 Fed. Appx. 288, 291 (4th Cir. 2006)

(affirming award of costs to defendant that prevailed in its defense of plaintiff's claims and not on its counterclaims); *Owners Ins. Co. v. Warren Mech. LLC*, No. 2:16-cv-0669-DNC, 2018 WL 3933770, at *6 (D.S.C. Aug. 16, 2018) (relying on *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642, 1652 (2016) to find defendant to plaintiff's dismissed declaratory judgment action is the prevailing party). Here, Pfizer Inc. obtained relief on the merits by prevailing on summary judgment and, therefore, is the prevailing party entitled to costs. *See U.S. Search, LLC v. U.S. Search.com Inc.*, 300 F.3d 517, n.4 (4th Cir. 2002) (affirming award of costs to defendant who prevailed on summary judgment).

In sum, Plaintiffs have not raised "good reason" indicating that "injustice" would result if the Court declined to award costs in the face of the presumption that costs are warranted. Accordingly, Pfizer Inc. is awarded costs in the amount of $470,344.16.

**B. Award by Apportionment Among Plaintiffs is Appropriate.**

It is well established that in a multi-district litigation, "the district court has discretion to apportion payment of jointly incurred costs among the losing parties." *Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1357 (Fed. Cir. 2009); *see also K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969) ("We have said that the trial court has a wide discretion in awarding costs . . . ."). Moreover, as the Court of Appeals for the Third Circuit articulated, the "general rule in this circuit and others is that a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000); *see also Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 800 (11th Cir. 1988) ("If equitable considerations militated against an award of costs vis-à-vis either losing party, they were due to be addressed through the district court's discretionary power to deny or apportion costs."); *S.*

*Agency Co. v. LaSalle Cas. Co.*, 393 F.2d 907, 915 & n.7 (8th Cir. 1968) (district court did not abuse its discretion in declining to impose costs jointly and severally and instead apportioning costs between losing parties); *Coffin v. Blessey Marine Servs., Inc.*, No. H-11-0214, 2015 WL 409693, at *3 (S.D. Tex. Jan. 29, 2015) ("[T]he Court has discretionary authority to apportion taxable costs among the non-prevailing parties."); *King v. Eastern Shore Water, LLC*, No. SKG-11-01482, 2013 WL 4603316, at *2 (D. Md. Aug. 27, 2013) ("Courts have some discretion, however, over allocating costs as is deemed appropriate.").

Against this foundational tenant that the district court is imbued with discretion to apportion costs among the losing parties, other courts have additionally found that joint and several liability is the presumed "default rule." *See, e.g.*, *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab.*, 739 F.3d 579, 586 (11th Cir. 2013) ("The default rule is that costs are to be imposed jointly and severally . . . ."); *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("[T]he general rule is that parties against whom costs are ordered are jointly and severally liable for those costs . . . ."). The Court of Appeals for the Fourth Circuit does not mandate that district courts start the analysis with a presumption of joint and several liability, although some district courts within the Fourth Circuit do so. *See Ortho-McNeil Pharma., Inc.*, 569 F.3d at 1357 (noting that there is "no governing Fourth Circuit precedent on whether costs must be apportioned"); *but see King*, 2013 WL 4603316, at *2 ("As to the liability for costs, defendant is correct that the presumption is that liability for costs is joint and several.").

Here, even if the Court starts its analysis with a presumption of joint and several liability, apportionment is nonetheless the appropriate method of award for many of the same reasons that an award itself is justified. For example, imposing joint and several liability would create an unjust result in which Pfizer Inc. is "free to pick and choose" among Plaintiffs who may have

grossly disparate abilities to pay. *Anderson v. Griffin*, 397 F.3d 515, 523 (7th Cir. 2005). In turn, as Plaintiffs rightly point out, "[t]axing a voluntary bellwether plaintiff could have a chilling effect on the bellwether process." (Dkt. No. 1872 at 6.) Indeed, Ms. Hempstead herself notes that she is financially unable to pay a $29,265.09 cost. (Dkt. No. 1873 at 4.)[2] In other words, joint and several liability is appropriate only when "it is clear that one or more of the losing parties is responsible for a disproportionate share," which is not the case here. *Anderson*, 397 F.3d at 522-23. By the same reasoning, apportionment of costs evenly among Plaintiffs alleviates the contention that an award would be unjustly "crippling to some" Plaintiffs. (Dkt. No. 1872 at 5.) And if a cost of approximately $172[3] is untenable to an individual Plaintiff, she may seek relief by demonstrating her financial burden when Pfizer Inc. seeks to enforce the $172 judgment.

In any event, when joint and several liability is the starting presumption, the burden is "on the losing parties to introduce evidence and persuade the court that costs should be apportioned." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000). Plaintiffs met this burden by arguing that the Bills of Cost are defective for failing to "clearly allocate costs on a plaintiff-by-plaintiff basis." (Dkt. No. 1872 at 9.) Indeed, Pfizer Inc. agrees that apportionment evenly among Plaintiffs is appropriate: "Pfizer does not object to the apportionment of the MDL

---

2 The Court carefully reviewed Plaintiff Hempstead's objections (Dkt. No. 1873) and Plaintiff Culpepper's objections (2:14-cv-1879-RMG, Dkt. No. 124). Plaintiff Hempstead's equity arguments that the Court should decline an award in full track Plaintiffs' arguments analyzed in this Order and, therefore, are not addressed separately. Plaintiff Hempstead and Plaintiff Culpepper's arguments that each is individually unable to pay a judgment is obviated by the Court's determination in its discretion that apportionment of costs among Plaintiffs at approximately $172 per Plaintiff is the most reasonable and just method of award.

3 $172 is the approximate cost per Plaintiff when the cost of video depositions is deducted from the total award sought. $175 is the approximate cost per Plaintiff were the award sought granted, and "Pfizer understands the number of Plaintiffs whose cases were subject to summary judgment is approximately 3,100, which would lead to a per-Plaintiff award of approximately $154.00." (Dkt. No. 1877 at 4.)

bills of costs among the subject Plaintiffs. All Plaintiffs in the MDL sought to benefit from both the common discovery conducted and the case-specific work-ups in trial cases, and a pro rata share of the total amount of costs would amount to approximately $175 per Plaintiff based on Plaintiffs' statement that 2,736 Plaintiffs are at issue on the bills of costs." (Dkt. No. 1877 at 4.)

After careful review of the Bills of Cost and Plaintiffs' objections, the Court finds that Pfizer Inc. is entitled to an award of costs in the amount of $470,344.16 to be apportioned evenly among Plaintiffs.[4]

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Pfizer Inc.'s Bills of Cost in the amount of $470,344.16 and **ORDERS** the award apportioned evenly among Plaintiffs.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 17, 2018
Charleston, South Carolina

---

[4] Plaintiffs assert that if the Court awards Pfizer Inc. costs, "then the Court will need to hear from each individual plaintiff's attorney on how the Fourth Circuit's equitable factors come to bear in her individual case." (Dkt. No. 1872 at 16.) The Court carefully reviewed every Fourth Circuit opinion citing to each equitable factor that Plaintiffs raise in their objections to the Bills of Cost, as well as every Fourth Circuit opinion citing to Rule 54(d)(1), and does not require additional arguments to elucidate how the governing law applies to each Plaintiff. In any event, an award of costs apportioned evenly among Plaintiffs, potentially at approximately $172 per Plaintiff, likely obviates Plaintiffs' concerns and, if it does not, then each Plaintiff is free to make a showing of her inability to pay upon Pfizer Inc. seeking to enforce the $172 judgment.